THE STATE OF OHIO, APPELLEE, *v.*
WENGATZ, APPELLANT.

(No. 1327—Decided April 30, 1984.)

*Mr. Kenneth Bailey,* assistant prosecuting attorney, for appellee.

*Messrs. Ford, Simon & Norris* and *Mr. David W. Norris,* for appellant.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Portage County, wherein, after a trial by jury, the defendant, Mary Wengatz, was found guilty of child stealing. She was sentenced to two to five years in the Ohio State Reformatory for Women at Marysville, Ohio. We reverse and order the defendant discharged.

The defendant and the custodial parent, Neil Wengatz, were married from 1973 until 1980 when their union was legally terminated by a divorce decree. Neil was awarded custody of the couple's two minor daughters. The defendant was granted restricted visitation rights.

On June 16, 1982, the defendant picked up the girls from school and prepared to take them on a vacation to Disneyworld in Florida. Within an hour after she picked them up, they were on their way. The father was notified by school authorities of the departure of the children with the defendant. The local and state police were notified that the father had filed a "child stealing" complaint against the defendant. Descriptions of the vehicle and his daughters were also provided.

When the defendant left the state of Ohio, the F.B.I. was informed. The evidence suggests that the F.B.I. had the defendant and the children under surveillance for the two-week period within which they travelled through Florida.

On July 1, 1982, the Cincinnati Police Department was notified that the defendant would be returning to the state of Ohio via Interstate 75 at approximately three o'clock p.m. The defendant was spotted, identified and arrested shortly after three o'clock upon her return to the state of Ohio.

In its April 1982 term, the grand jury indicted the defendant on two counts of child stealing. On November 9, 1982, the defendant was brought to trial on these charges. On November 10, 1982, she was found guilty of two counts of child stealing. This appeal followed.

The assignments of error are as follows:

"1. The court erred in failing to find R.C. 2905.04 unconstitutional on its face and in its application.

"2. The court erred in failing to instruct the jury on the lesser included offense of interference with custody (R.C. 2919.23).

"3. The court erred in failing to grant defendant-appellant's motion for acquittal made pursuant to Criminal Rule 29."

The defendant's first assignment of error is without merit.

R.C. 2905.04 states, in pertinent part:

"(A) No person, by any means, and with purpose to withhold a child under the age of fourteen or mentally incompetent from the legal custody of his parent, guardian, or custodian, shall remove such child from the place where he is found."

It is the defendant's contention that the failure of the legislature to define the phrase "with purpose to withhold" renders the statute fatally defective due to vagueness.

R.C. 1.42 states, in part:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *"

As such, the phrase "with intention to withhold" must be construed in this context. "Withhold" is defined in Webster's New Collegiate Dictionary in this manner: "1) to hold back from action; 2) to keep in custody; 3) to refrain from granting, giving, or allowing; 4) to deduct from income."

Clearly, common usage would indicate to a person of average intelligence that "withhold" in the context of the statute, means that a person (parent) may not, legally, deprive a custodial parent of custody of a child without authority or consent to do so. The defendant has not demonstrated that the failure of the legislature to provide definition of the aforementioned phrase renders the statute constitutionally defective.

The defendant's second assignment of error is with merit.

The defendant contends that the court erred in failing to instruct the jury on the purportedly lesser included offense of interference with custody.

*State* v. *Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528], sets out the test used in making this determination. The court stated at 388:

"If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant."

Applying this standard to the evidence adduced at trial, it is clear that the court erred in refusing to instruct the jury on the offense of interference with custody. The evidence, considered most favorably to the defendant, would have supported a finding of not guilty of the charge of child stealing.

The acts on which the defendant was convicted were that she took the children to Florida for a real nice vacation. It is inconceivable that showing your children a nice time would result in a mother being convicted of "child stealing."

Defendant's third assignment of error is with merit.

As stated *supra,* there was no evidence of criminal intent or specific intent of the purpose to withhold the children from the legal custody of the father. The evidence was that the defendant took the children to Disneyworld in Florida for a two-week vacation. She returned them at the end of the vacation. There was no evidence of criminal conduct or criminal intent.

It is suggested that a more appropriate method of handling the father's complaint would have been by a contempt proceeding in domestic rela-

tions court. To put a mother in jail for two years for giving her children a vacation is a gross miscarriage of justice and totally senseless.

The defendant's motion for acquittal should have been granted.

Judgment reversed and defendant ordered discharged.

*Judgment reversed.*

FORD, J., concurs.

COOK, P.J., dissents.