OPINION
Appellant Billie Hamm, Jr. is appealing his conviction, by the Richland County Court of Common Pleas, for one count of voluntary manslaughter. The facts giving rise to this appeal are as follows.
On September 12, 1996, appellant and the victim, Billie Durfee, had been drinking. In the early morning hours of September 13, 1996, a fight occurred between the two men. At trial, the witnesses' testimony varied concerning the fatal confrontation. At the conclusion of the evidence, the trial court instructed the jury on the offense of murder, voluntary manslaughter, involuntary manslaughter and self-defense.
Following deliberations, the jury found appellant guilty of voluntary manslaughter. The trial court sentenced appellant to eight years in prison. Appellant timely filed his notice of appeal and sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN GIVING A JURY INSTRUCTION ON INVOLUNTARY MANSLAUGHTER THAT DID NOT INCLUDE THE DEFINITIONS OF MENACING AND AGGRAVATED MENACING.
 II. APPELLANT WAS DENIED A FAIR TRIAL BECAUSE OF THE INEFFECTIVE ASSISTANCE OF DEFENSE COUNSEL IN NOT OBJECTING TO THE JURY INSTRUCTION ON INVOLUNTARY MANSLAUGHTER.
 I
Appellant contends, in his first assignment of error, that the trial court should have instructed the jury, in the charge of involuntary manslaughter, on the misdemeanor offense of menacing or aggravated menacing as opposed to the offense of assault and felonious assault. We disagree.
Crim.R. 30(A) provides:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
The record clearly indicates that appellant's defense counsel did not object to the trial court's failure to instruct on menacing or aggravated menacing as it pertained to the charge of involuntary manslaughter. As such, we must review appellant's first assignment of error under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio st.3d 424, 437;State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
An instruction on a lesser offense must be given when any reasonable view of the evidence allows for the possibility that a finder of fact can find the defendant not guilty of the greater offense but guilty of the lesser offense. State v. Wengatz
(1984), 14 Ohio App.3d 316, 317. Appellant argues that, based upon the testimony presented at trial, a reasonable jury could have found that he stabbed appellant while menacing him with the knife, and as such, he was entitled to an instruction on menacing or aggravated menacing.
The Ohio Supreme Court addressed requests for jury instructions on lesser included offenses and held:
 A criminal defendant is entitled to a lesser-included offense instruction * * * only where the evidence warrants it. (Citations omitted.) * * * [The trial court] must examine the facts and ascertain whether a jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater. State v. Kidder (1987), 32 Ohio St.3d 279, 280.
Based upon the testimony presented in this case, the trial court apparently concluded that the jury could not reasonably find that appellant committed the lesser offense of menacing or aggravated menacing rather than felonious assault or assault. R.C.2903.22 sets forth the elements for menacing and provides:
 (A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family.
 (B) Whoever violates this section is guilty of menacing, a misdemeanor of the fourth degree.
R.C. 2903.21 defines aggravated menacing as follows:
 (A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family.
 (B) Whoever violates this section is guilty of aggravated menacing, a misdemeanor of the first degree.
Clearly, no matter whose testimony the trial court found credible, appellant's behavior went far beyond causing Billie Durfee to believe that appellant would inflict physical harm or serious physical harm. Appellant actually did inflict such harm. Appellant does not deny that he stabbed Billie Durfee nor is there any testimony, beside appellant's, that Durfee impaled himself upon the knife as he stepped toward appellant. We find the trial court did not err when it refused to instruct the jury on involuntary manslaughter with an underlying misdemeanor offense of either menacing or aggravated menacing.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains that defense counsel was ineffective because he failed to object to the jury instruction on involuntary manslaughter. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
It is based upon the above standard that we review appellant's second assignment of error. Appellant's argument, in his second assignment of error, goes to the question of trial strategy. In State v. Catlin (1990), 56 Ohio App.3d 75, 78-79, the court held:
 In a case in which there is conflict in the testimony and the defendant has a reasonable hope that the jury will believe his evidence and return a verdict of not guilty, it is a matter of trial strategy whether to seek to have the jury instructed concerning a lesser-included offense, or not to seek such an instruction and to hope for an acquittal.
Since there is a conflict of testimony in this case, we find it was reasonable and a matter of trial strategy for defense counsel to not seek an instruction on menacing or aggravated menacing and instead seek acquittal on appellant's claim of self-defense. We find defense counsel's conduct did not fall below an objective standard of reasonable representation and violative of any of his essential duties to appellant.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 20
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.