OPINION
Defendant Darreyl Lamont Turner appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for two counts of possession of cocaine in violation of R.C.2925.11, after a jury found him guilty. Appellant assigns six errors to the trial court: ASSIGNMENTS OF ERROR
I. THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
II. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN HER FAILURE TO PERFORM CERTAIN ESSENTIAL DUTIES FOR APPELLANT'S DEFENSE AND APPELLANT'S SUBSTANTIAL RIGHTS WERE PREJUDICED THEREBY.
III. THE TRIAL COURT COMMITTED PLAIN ERROR BY ITS FAILURE TO CORRECT CERTAIN OBVIOUS, PREJUDICIAL ERRORS.
IV. STATEMENTS MADE BY THE PROSECUTOR IN HS CLOSING ARGUMENT RESULTED IN A MANIFEST MISCARRIAGE OF JUSTICE.
V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING COUNSEL'S OBJECTION REGARDING THE ADMISSION OF THE PHYSICAL EVIDENCE PRESENTED AT TRIAL.
VI. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT WHEN IT SENTENCED APPELLANT, AND THEREBY VIOLATED APPELLANT'S CONSTITUTIONALLY PROTECTED RIGHTS.
At trial, the State presented evidence two officers from the Massillon Police Department observed two cars parked in the Shriver Park parking lot at approximately 3:17 a.m. after the park had closed. The officers investigated, and found no one in the first car, but in the second car they observed appellant and a woman engaged in sexual intercourse in the back seat. The automobile belonged to the woman. The officers observed a gun on the floor of the car, crack-cocaine, and crack pipes and paraphernalia. Officers removed the two individuals from the vehicle. The police searched appellant and found no evidence of drugs or drug paraphernalia. The woman told police the drugs in the car belonged to appellant, and appellant had been trying to rape her. Officer Gary McPherson testified appellant appeared to be under the influence of drugs at the time of the arrest, but appellant did not take any drug tests. Officer Thomas Minarcheck, one of the arresting officers, testified appellant admitted being a drug user, but asserted the drugs and paraphernalia did not belong to him. The officers arrested both appellant and the female who was with him, and recovered a rock of crack-cocaine, 15 to 20 crack pipes, and several balloons of nitrous oxide gas during the inventory search of the vehicle in which appellant and the woman had been found.
 I
In his first assignment of error, appellant urges the trial court's judgment was against the manifest weight and sufficiency of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court developed the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard the court applies to determine whether the evidence is legally sufficient to support the verdict as a matter of law, Thompkins at 386, citations deleted. Thus, the issue of sufficiency of the evidence is directed to the trial court's legal determination. Even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because the weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted. Thus, weight of the evidence concerns the factual issues determined by the jury. Appellant argues the testimony of the two arresting officers was inconsistent regarding the location of a Marlboro bag containing drug paraphernalia. Appellant also argues the State did not establish the proper chain of custody in the physical evidence found at the scene. Although appellant is correct that the officer who did not conduct the inventory search appeared unsure of the location the Marlboro bag was found, nevertheless the two arresting officers' testimony is consistent in the other details regarding the scene of the crime. Further, Offficer Minarcheck testified he submitted the evidence gathered from the car to the Stark County Crime Lab although he did not personally deliver the materials to the lab. Appellant challenges the testimony of the one of the expert witnesses, arguing the State did not properly qualify him to testify as an expert and give opinions to a reasonable degree of scientific certainty. The State points out appellant did not object to any deficiency in Mr. Spencer's credentials, and the lack of an objection could be considered sound trial strategy. See infra II and III. The trial court admitted statements made by the woman found in the vehicle. Appellant challenges the woman's credibility, noting she had a personal interest to defend, inasmuch as 15 to 20 crack pipes were found inside her vehicle in various locations. The woman told the officers she was a bail-bondsman or bounty hunter, and the drugs belonged to appellant. She was not a bail bondsman or a bounty hunter. The woman professed to know nothing at all about the pipes. The woman had claimed appellant was trying to rape her when the officers approached. When the officers did not believe her, she explained her position on top of appellant, as not engaging in consensual intercourse, but rather restraining him until police arrived. Appellant characterizes all the woman's statements as ludicrous, both regarding the alleged rape, and about the drugs and drug paraphernalia found throughout her vehicle. Appellant points out he never submitted to a drug test, and the officers testified he appeared to be high on drugs because he was glassy eyed, sweaty, nervous, and paranoid. Appellant declares anyone caught in a public place by police officers, having sexual intercourse in a motor vehicle might exhibit the same characteristics. R.C. 2925.01 (K) defines the term "possess" as used in the Revised Code. Possession means having control over a thing or a substance, and may not be inferred solely from access to the thing or substance through ownership or occupation on the premises where the thing or substance is found. A reasonable jury could find appellant possessed the crack cocaine even if the woman with whom appellant was found also had possession or control over the cocaine. We have reviewed the record, and we find the evidence was legally sufficient to support the verdict as a matter of law. Further, we find the jury's verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, see State v. DeHass (1967), 10 Ohio St.2d 230. We conclude the trial court's judgment is neither against the sufficiency of the evidence nor the weight of the evidence. The first assignment of error is overruled.
 II
In his second assignment of error appellant argues he was denied the effective assistance of counsel, because appellant argues, counsel failed to object to inadmissible evidence and prejudicial statements by the prosecutor. Appellant also complains trial counsel did not present any defense. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an accused to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the sub-standard performance prejudiced the accused's ability to receive a fair and reliable trial. Ohio has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136. Appellant concedes in Ohio, a licensed attorney is presumed to be competent, and thus appellant bears the burden of demonstrating trial counsel was ineffective, see Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. As noted in I, supra, trial counsel did not object to the testimony of Jay Spencer, who gave his opinion regarding physical evidence gathered at the scene, to a reasonable degree of scientific certainty. The State points out this could well be sound trial strategy, because highlighting Spencer's credentials to the jury might have bolstered the credibility of his expert opinion. Further, appellant's defense to the charge was the drugs and paraphernalia gather at the scene did not belong to him, but rather to his companion. Thus, the State argues failure to challenge the scientific evidence, did not prejudice appellant's case. As noted in I, supra, the trial court permitted the arresting officers to testify about statements made by appellant's companion. Trial counsel did not object to this testimony. Neither the State nor the defense called appellant's companion to testify. Appellant argues an out-of-court statement made by a co-conspirator who dos not testify is not admissible at trial because there is no opportunity for confrontation and cross-examination, see State v. Moritz (1980), 63 Ohio St.2d 150. Appellant correctly identifies his companion's out-of-court statements to the officers as hearsay. As the State points out, counsel may very well have been exercising sound trial strategy in not objecting to the officers' testimony. The strength of appellant's defense was not only that the vehicle belonged to his companion, but that her statements upon being apprehended by police were dubious in certain respects. We agree with the State, the effect of the officer's testimony about the woman's statements did give credence to appellant's theory of the case. During closing argument, the prosecutor told the jury appellant and his companion were both using cocaine, and on other occasions, referred to the actions of both appellant and his companion. Appellant argues statements pairing appellant's actions with his companion were confusing and misleading to the jury because appellant's companion was not called to testify. Counsel did not object to the prosecutor's statement during closing argument. We have reviewed the closing statement, and we find the comments of the prosecutor regarding appellant's use of drugs was a fair comment upon the evidence. The prosecutor should not have referred to appellant and his companion as co-defendants, but the State argues, and we find, this did not prejudice appellant's right to a fair trial, because the argument support not only the State's case, but also appellant's theory of the case. We have reviewed the record, and we find appellant's counsel did not violate essential duties to her client, but actually very ably defended appellant in this difficult scenario. The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the court committed plain error in permitting Jay Spencer to offer opinion testimony without first being established as an expert, and in permitting the arresting officers to testify regarding statements of the co-defendant. Appellant argues but for these errors, either alone or cumulatively, the result of the trial would have been different. Pursuant to Crim.R. 52 (B), this court may take notice of plain error which affects the substantial rights of the accused, even though the errors were not brought to the attention of the trial court. The Supreme Court has held courts should take notice of plain error only with the utmost caution to prevent a manifest miscarriage of justice, and where, but for the error, the outcome of the trial clearly would have been different, see State v. Reynolds (1998), 80 Ohio St.3d 670. We have already set forth our opinion on both the alleged errors, see I, II, supra. We find the decision to permit Jay Spencer to testify, and the decision to permit the officer to testify regarding the statements of appellant's companion, was not error, plain or otherwise. The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant again challenges the statements made by the prosecutor in closing argument. Like ineffective assistance of counsel claims, claims of prosecutorial misconduct must be reviewed under a two-prong analysis. First, we must determine whether the prosecutor's action were improper, and then, we must determine whether the improper actions prejudiced the accused's ability to receive a fair and reliable trial, see State v. Lott (1990), 51 Ohio St.3d 160. Not every statement made by a prosecutor warrants reversal, see State v. Frazier (1995),73 Ohio St.3d 323. Both the State and the accused are granted wide latitude in closing arguments, and control of the argument is vested in the sound discretion of the trial court, see State v. Loza (1994), 71 Ohio St.3d 61. During closing argument, the prosecutor offered the State's theory of the situation the officers encountered. The prosecutor told the jury it was obvious the two people in the car were using the cocaine, and they were high. There was evidence offered by the police officers which would support this interpretation of the events. The court's sustained appellant's objection to the prosecutor characterizing him as a crack-cocaine user. Finally, as noted in II, supra, the prosecutor referred to appellant and his companion as co-defendants. The state concedes it was unnecessary for the prosecutor to make that statement, but it was a single slip within the context of the entire trial. We have reviewed the record, and we find the closing argument did not contain improper statements which would prejudice appellant's ability to receive a fair and reliable trial. Accordingly, the fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant argues the State failed to prove the chain of custody of the physical evidence, and the court should have excluded the evidence. In State v. Richey (1992), 64 Ohio St.3d 353, the Ohio Supreme Court noted the authentification of evidence is satisfied by evidence sufficient to support a finding that the matter in question is what the party who offers it claims it is. A challenge that the evidence is contaminated goes to the weight of the evidence, not its admissibility. The Richey court cited State v. Wilkins (1980),64 Ohio St.2d 382 as authority for the proposition a strict chain of custody is not always required in order for the physical evidence to be admissible. At trial, both arresting officers identified various exhibits as items they had removed from the car. Officer Minarcheck testified he submitted the materials to the Stark County Crime Lab, and Jay Spencer testified a person he referred to as Patrolman Snell delivered the materials to the Stark County Crime Lab. The Supreme Court has held admission or exclusion of evidence is a matter directed to the sound discretion of the trial court, and a reviewing court may not disturb the trial court's decision unless it finds a clear abuse of discretion, State v. Sage (1987), 31 Ohio St.3d 173. As the Supreme Court has frequently noted, abuse of discretion connotes the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g. State v. Adams (1980), 62 Ohio St.2d 151. Upon our review of the record, we find the evidence offered at trial was sufficiently identified by the testimony of Officers Minarcheck and McPherson, and Mr. Spencer of the Crime Lab. The fifth assignment of error is overruled.
 VI
Finally, appellant argues the court failed to comply with R.C.2929.13 and 14 when it sentenced the appellant. R.C. 2929.13
states in pertinent part: (B)(1) Except as provided in division (B)(2), (E),(F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply: (a) In committing the offense, the offender caused physical harm to a person. (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person. (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others. (e) The offender committed the offense for hire or as part of an organized criminal activity. (f) The offense is a sex offense that is a fourth or fifth degree felony in violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31,2907.321,2907.322, 2907.323, or 2907.34 of the Revised Code. (g) The offender previously served a prison term. (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
The trial court found appellant physically harmed a person while committing the crime for which he was convicted, and had also previously served a prison term. Appellant asserts there is no evidence in the record anyone was physically harmed. The State urges appellant, at the least, caused physical harm to himself by ingesting cocaine, and we note the record contains at least the allegation appellant raped his companion. Regardless, the court was correct in finding appellant previously served a prison term. R.C. 2929.19 (B) requires the trial court to state its reasons for imposing consecutive sentences. Appellant argues the trial court did not comply with this requirement. However, the transcript of the sentencing hearing shows the court addressed appellant, and explained appellant was a repeat offender, who had wasted many opportunities to reform his life. The court also noted the appellant had not taken any responsibility for what he had done in this case. Appellant alleges his sentence was substantially more harsh than that of his female companion. Although appellant concedes a sentence of one co-defendant may be more severe than another, here, appellant argues his co-defendant was at least equally culpable in the crime and possibly more so. Appellant's argument is outside the record on appeal. Finally, appellant agues the court must notify the convicted individual that as part of his sentence, the parole board may add bad time for violations of prison rules. The court must inform the convicted individual of the maximum penalty for repeated violations, and must inform the convicted individual that while serving post-release control, the violator could be returned to prison for up to nine months, with the maximum for repeated violations being half the stated term, and if the violation was a new felony, the offender may be returned to prison for the remaining period of control or twelve months whichever is greater, in addition to the new prison sentence for the new crime. Appellant argues the trial court inadequately informed him of these matters. In the sentencing entry, filed November 25, 1998, the court recites that it notified the defendant of the bad-time provisions of R.C. 2967.11 and the post-release control options pursuant to R.C. 2967.28. The transcript of the sentencing hearing does not support the judgment entry, because the transcript does not contain any dialogue in which the trial court notified the appellant of the various consequences of the sentence. In State v. Lazenby (November 13, 1998), Union App. No. 14-98, unreported, the Third District Court of Appeals found a court errs as a matter of law if it fails to comply with R.C. 2929.19 regarding the notification of bad time and post release control. Accord, State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported; State v. Davis (June 8, 1998), Cuyahoga App. No. 72820, unreported; State v. Watts (December 31, 1998), Montgomery App. No. 17060, unreported. We find the record does not demonstrate appellant was adequately advised of the various consequences of his sentence, as required by R.C. 2929.19. The sixth assignment of error is sustained in part.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. The sentence is hereby vacated, and the cause is remanded to that court for re-sentencing in accord with law and consistent with this opinion.
By Gwin, P.J. Farmer, J., and Reader, V. J., concur