OPINION
Appellant, Mark O. Holland, appeals the judgments of the Municipal Court of Lima, Allen County, Ohio, convicting him on three counts of theft in violation of R.C. 2913.02(A). For the reasons that follow, we affirm the judgments of the trial court.
Between November 14 and November 16, 1999, Appellant was involved in three separate incidents of theft. In each incident, Appellant feigned an interest in purchasing a vehicle from an individual advertising its sale. Appellant then concocted a story that he needed a ride to a relative's home where he would borrow the money to purchase the vehicle. Appellant also deceived the victims, convincing them to temporarily lend him money so that his relatives could make change for a larger denomination of money.
After he was driven to the particular location where his relatives allegedly lived, Appellant told the victims that he would go inside to retrieve the money and would return shortly. On each occasion, however, Appellant never returned, disappearing with the victims' money. Appellant managed to get away with ninety dollars from each of two of the victims, and fifty dollars from the third victim.
On November 17, 1999, a complaint was returned against Appellant in three separate cases, charging him with one count of theft in each case in violation of R.C. 2913.02(A), first-degree misdemeanors. On November 19, 1999, Appellant pled not guilty to all three charges, and the matters came on for trial to the court on December 13, 1999.
At trial, Appellant moved the court for a continuance in order to subpoena witnesses in his defense. Appellant informed the court that he was not aware of the proper procedure for subpoenaing witnesses because his attorney had not spoken with him until immediately prior to the trial. The trial court granted Appellant a continuance until January 10, 2000, but allowed the State to present its case on December 13, 1999. The January 10, 2000 trial date was further continued to January 31, 2000.
On January 31, 2000, Appellant appeared in court and again moved for a continuance in order to subpoena additional witnesses. Appellant also moved the court to vacate the trial and grant a new trial, arguing that he was not properly advised of his rights during his arraignment. Because he was not properly advised of his rights, Appellant claims that he did not have the opportunity to demand a jury trial in writing. The trial court denied Appellant's motion for a new trial, but granted a continuance until February 14, 2000.
After the trial was continued, on February 1, 2000, Appellant filed a written demand for a jury trial. In a judgment entry dated February 3, 2000, the trial court found that the jury demand was filed out of rule and denied the same. Thereafter, the trial resumed on February 14, 2000, and Appellant rested without presenting any witnesses. The trial court subsequently convicted Appellant on each theft offense and imposed the maximum sentence of one hundred eighty days in jail for each offense, to be served consecutively. Additionally, the trial court imposed a fine of one thousand dollars for each offense, but suspended five hundred dollars of each fine provided that Appellant make restitution within thirty days of his release from custody.
Appellant now appeals, assigning two errors for our review.
 Assignment of Error No. 1 The Defendant-Appellant was denied effective assistance of counsel.
 The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees criminal defendants the right to the effective assistance of counsel. State v. Johnson (1986), 24 Ohio St.3d 87 . The Supreme Court of Ohio set forth the test for determining ineffective assistance of counsel as:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle (1976), 48 Ohio St.2d 391, 2 O.O3d 495, 358 N.E.2d 623; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
 State v. Bradley (1989), 42 Ohio St.3d 136, at paragraphs two and three of the syllabus; see also State v. Gowdy (2000), 88 Ohio St.3d 387, 395-96.
"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Johnson, supra, at 89, quoting United States v. Cronic (1984), 466 U.S. 648, 654. "Unless the accused receives the effective assistance of counsel, `a serious risk of injustice infects the trial itself.'" Johnson, at 89, quoting Cuylerv. Sullivan (1980), 446 U.S. 335, 343.
In reviewing a claim based on ineffective assistance of counsel, we "must assess the reasonableness of the attorney's decisions at the time they are made, not at the time of our assessment." State v. Wilkins
(1980), 64 Ohio St.2d 382, 390. In Ohio, "[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." Cook, supra, at 524. The burden of establishing ineffective assistance of counsel is on the defendant. Statev. Smith (1985), 17 Ohio St.3d 98, 100.
In addressing Appellant's ineffective assistance of counsel claim, the first issue to discuss is whether his attorney's performance fell below an objective standard of reasonable representation. Appellant raises several claims in support of his argument that his attorney's performance was deficient.
Appellant first claims that he was forced to proceed to trial with an attorney whom he had not spoken with until immediately prior to the trial. At that time, he and his attorney spoke only of a plea agreement. Essentially, the only contact Appellant had with the public defender's office prior to the trial was during an interview with an intake officer after his arrest. Thus, Appellant's attorney never informed Appellant of his right to demand a jury trial, or determined whether Appellant would present witnesses to testify on his behalf.
Appellant also claims that at his sentencing hearing his attorney did not present any mitigating evidence to support a lesser sentence. Specifically, Appellant argues that his attorney should have pointed out the fact that the punishment he received for three misdemeanor offenses exceeded the maximum punishment for a single fifth-degree felony theft offense of five hundred dollars or more. Appellant also argues that his attorney should have pointed out the fact that his misdemeanor theft offenses did not involve force, threat or weapons. As a result of his attorney's ineffectiveness, Appellant claims that the trial court imposed maximum consecutive sentences for each offense.
Despite Appellant's claims, the State argues that Appellant failed to disclose to the intake officer that he was either demanding a jury trial, or that he would present any witnesses on his behalf. The State also argues that Appellant was provided the telephone number of the public defender's office but failed to ever call and attempt to speak with an attorney.
Finally, the State argues that Appellant's attorney did provide evidence of mitigating circumstances by informing the court that Appellant was entitled to a credit for the number of days already served in jail. In the alternative, the State argues that the omission of mitigating evidence by Appellant's attorney constituted trial strategy. Additionally, the State cites State v. Coleman (1999), 85 Ohio St.3d 129,138, for the proposition that the "failure to present mitigating evidence * * * does not in itself constitute proof of ineffective assistance of counsel."
Initially, we note that Appellant was entitled to a trial by jury pursuant to R.C. 2945.17; however, there is no written demand in the record for a jury trial timely filed pursuant to Crim.R. 23(A). The record reflects that Appellant's attorney did not discuss this issue with Appellant prior to trial. In fact, Appellant's attorney admitted on record that he did not speak with Appellant until immediately prior to trial. When Appellant finally filed a written demand for a jury trial on February 1, 2000, it was denied as being untimely filed. Thus, Appellant was left with no alternative but to have his case tried to the court.
With respect to the subpoenaing of witnesses, the record reflects that Appellant's attorney first discovered that Appellant planned to call witnesses on his behalf when the trial began on December 13, 1999. At that time, Appellant's attorney had not issued subpoenas for any of Appellant's alleged witnesses. As a result, the trial court granted a continuance in order for Appellant to subpoena his witnesses.
When the trial resumed on January 31, 2000, Appellant's attorney informed the court that subpoenas had just been issued to several out-of-state potential witnesses; however, he had not followed up to determine whether the subpoenas were properly served. Consequently, the court verbally reprimanded Appellant's attorney for his lack of trial preparation. The court then continued the trial until February 14, 2000. When the trial resumed on February 14, 2000, Appellant rested without presenting witnesses on his behalf. The record reflects that the witnesses previously subpoenaed were not present, and that Appellant chose not to testify on his own behalf.
Finally, the record reflects that at the sentencing hearing Appellant's attorney did not offer any mitigating evidence to support the imposition of a lesser sentence. The only statement that Appellant's attorney made to the trial court judge was that Appellant should receive credit against his sentence for the time he had already served in jail while awaiting trial.
After reviewing the evidence in the record before us, we find that Appellant's attorney's representation was so deficient that it fell below an objective standard of reasonable representation. Despite the State's argument that Appellant had a duty to contact the Public Defender's office and inform his attorney that he was waiving his right to a jury trial, or that he would be presenting witnesses on his behalf, Appellant's attorney was clearly not functioning as the "counsel" that the Sixth Amendment guarantees. See Cook, supra, at 524.
This is evidenced by the fact that Appellant's attorney made no effort to contact Appellant prior to the trial. Notwithstanding the fact that Appellant apparently did not indicate to the intake officer that he was demanding a jury trial, or that there would be witnesses testifying on his behalf, Appellant's attorney should have spoken with Appellant to plan the defense of the case. Our decision is further evidenced by the fact that Appellant's attorney then showed up in court to try this matter immediately before the trial was set to commence, and that he was utterly unprepared to present any defense on behalf of Appellant.
Furthermore, although the State correctly argues that the failure to present mitigating evidence does not constitute ineffective assistance of counsel per se, it is one factor to consider in reaching our decision today. There is no indication in the record that Appellant's attorney made any tactical decision to omit such evidence; rather, it appears as if he abdicated his responsibility of defending Appellant. "A total abdication of duty should never be viewed as permissible trial strategy." Johnson, supra, at 90.
Having determined that Appellant's attorney's conduct fell below an objective standard of reasonable representation, we must now determine whether there exists a reasonable probability that but for the errors the result of the trial would have been different.
Appellant claims that he was prejudiced as a direct result of his attorney's deficient performance. We disagree. First, we are compelled to point out that the trial court went to great lengths to accommodate Appellant's needs and to allow counsel additional time to complete tasks that should have been completed prior to the initial trial date, by continuing the trial on three separate occasions. Furthermore, the trial court, at the January 31, 2000 scheduled trial date, reprimanded defense counsel about his failure to follow up on subpoenas and even threatened to hold him in contempt because of his attitude about the case. Finally, at the February 14, 2000 trial date, the defense rested without calling any witnesses including Appellant, who refused to testify in his own behalf. There are no affidavits or other evidence in the record demonstrating the proposed subject matter of the missing witness' testimony. Despite the fact that Appellant claims he had alibi witnesses, we can only speculate about their proposed testimony.
Therefore, Appellant has not demonstrated that there exists a reasonable probability that but for the failings of defense counsel, the result of the trial would have been different. At best, there is merely an inference that the result would have been different. An inference alone does not satisfy the reasonable probability standard set forth inBradley, above.
Therefore, although Appellant's attorney's performance was deficient, there was no resulting prejudice, and consequently, Appellant is not entitled to relief on the basis of the ineffective assistance of his counsel pursuant to Bradley, above.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
 Assignment of Error No. 2
The Defendant-Appellant was denied due process.
 Appellant first claims that his due process rights were violated because he was never properly advised of his rights during his arraignment and, therefore, he never had the opportunity to request a jury trial.
In reviewing Appellant's first claim, we note that the trial court has previously addressed Appellant's argument regarding his arraignment. The record reflects that on January 31, 2000, Appellant moved the trial court to vacate the trial and grant a new trial. Appellant testified before the trial court that at his arraignment he was never shown a videotape advising him of his rights. Thus, Appellant claims this constituted an irregularity in the proceedings as stated in Crim.R. 33(A)(1).
"A motion for [a] new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel (1990),55 Ohio St.3d 71, at paragraph one of the syllabus. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
After hearing testimony from Appellant regarding his alleged improper arraignment, the trial court noted that Appellant did not raise this issue for the first time until more than two months after his arraignment. The trial court then stated that it found Appellant's testimony to be incredulous. Given the evidence and testimony in the record that was carefully reviewed by the trial court, we find that the trial court's decision to deny Appellant's motion for a new trial was not unreasonable, arbitrary, or unconscionable. Because the trial court did not abuse its discretion in denying Appellant's motion for a new trial, we find that Appellant's due process rights were not violated.
Appellant also claims that his due process rights were violated because he was not permitted to speak with his attorney prior to trial. However, there is nothing in the record indicating that the state ever denied Appellant the opportunity to speak with an attorney. In fact, the record indicates that at his arraignment, Appellant was provided with the telephone number of the public defender's office. Appellant had the opportunity to speak with an attorney but quite simply failed to do so.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found error no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgments of the trial court.
Judgments affirmed.
 HADLEY, P.J., and BRYANT, J., concur.