DECISION AND JOURNAL ENTRY
Defendant, Joseph Deimling, has appealed from his conviction by the Lorain County Court of Common Pleas for robbery. We affirm.
On April 20, 1999, Defendant was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2). Following a jury trial, Defendant was found guilty as charged. Defendant was sentenced to four years imprisonment. Defendant timely appealed and has raised three assignments of error for review. Defendant's second and third assignments of error will be addressed together.
 ASSIGNMENT OF ERROR I The trial court erred in failing to instruct the jury on the lesser included offense of theft.
In his first assignment of error, Defendant has argued that the trial court erred when it denied his request that the jury be instructed on the offense of misdemeanor theft. We disagree.
Instruction on a lesser-included offense is only required in those situations "where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus, certiorari denied (1989), 493 U.S. 826,107 L.Ed.2d 54. In making this determination:
 The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant.
State v. Wilkins (1980), 64 Ohio St.2d 382, 388.
An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty; 2) the greater offense, as statutorily defined, can never be committed without committing the lesser offense as well; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988)40 Ohio St.3d 205, paragraph three of the syllabus. In determining whether the greater offense can ever be committed without committing the lesser as well, we are to examine the elements of the crimes in the abstract, and not undertake an analysis of the facts of a particular case until after the Deem test is met. State v. Koss (1990), 49 Ohio St.3d 213,218; State v. Nelson, (Jan. 12, 2000), Tuscarawas Appellate No. 1999AP02007, unreported, 2000 Ohio App. LEXIS 229.
Robbery is defined as follows: (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another. Therefore, a theft must necessarily be committed in the commission of a robbery by way of definition of the offense of robbery. In order to prove that there was a robbery and not just a theft the State must provide proof of the additional element as enunciated in section two of the statute, that Defendant inflicted, attempted to inflict, or threatened to inflict physical harm on another. See R.C. 2911.02(2). If the evidence presented at trial is such that the trier of fact could find that this additional element was not met, the trial court should have instructed upon the lesser-included offense of theft. In the absence of any such evidence, it was not error for the court to decline to instruct the jury on the lesser-included offense of theft.
In this case, there were two witnesses who testified, Brandy McFarland, the victim, and Nancy Shook, a witness to the incident. The victim testified that Defendant grabbed her arm several times and stopped her from going back to work. She further testified that after she had repeatedly refused his requests for money, he forcibly removed the money from her pocket while she struggled to stop him. Ms. Shook testified that she observed the victim being held in a headlock by Defendant and heard the victim screaming. She then observed Defendant remove something from the victim and run from the building. Ms. Shook further testified that following the event the victim was crying and upset and had red marks about her throat and hands.
After weighing the evidence presented in the light most favorable to Defendant, an instruction on theft was not supported by the evidence since there was evidence of actual harm inflicted upon the victim. Additionally, there was not a reasonable probability that Defendant could be acquitted on the greater charge of robbery, but convicted on the lesser-included offense of theft. State v. Thomas, supra. Therefore, the trial court did not err in refusing to give the jury instruction on the lesser-included offense. Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The State's evidence presented at trial was legally insufficient to support a verdict of guilty of robbery.
 ASSIGNMENT OF ERROR III The jury verdict finding Defendant guilty of robbery was against the manifest weight of the evidence.
In his second and third assignments of error, Defendant has argued that his conviction was against the manifest weight of the evidence and that there was insufficient evidence as a matter of law. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasissic) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
R.C. 2911.02(A)(2) defines robbery as follows: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." As stated above, the evidence presented at trial was that Defendant entered the victim's place of employment and repeatedly requested money from her. Defendant gave numerous false reasons to the victim to try to induce her to give him money. Each time she denied his request because of her belief that he was lying about the reason he needed the funds. At least three times the victim attempted to go back to work and Defendant grabbed her by the arm, stopped her, and repeated his requests for money. Following the victim's final denial for money, Defendant placed the victim in a headlock, forcibly removed one hundred and fifty dollars from the victim's pants pocket, and fled the building. Based upon the evidence presented at trial, the conviction for robbery is not against the manifest weight of the evidence and his conviction is sufficient under the law. Defendant's second and third assignments of error are without merit.
Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.