THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* WILKINS, APPELLEE AND CROSS-APPELLANT.

(No. 80-419—Decided December 30, 1980.)

384

Mr. John T. Corrigan, prosecuting attorney, and Mr. Thomas J. Wagner, for the state.
Mr. Anthony F. de la Pena, for Wilkins.

CELEBREZZE, C. J.  R. C. 2945.74 states in part:
"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.

The trial court's instruction to the jury was solely on the

offense of rape as defined in R. C. 2907.02(A)(1). R. C. 2907.02 states in part:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender purposely compels the other person to submit by force or threat of force."

R. C. 2907.03(A)(1) defines sexual battery as follows:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."

As to requirement (i) above, sexual battery, a felony of the third degree, is an offense of a lower degree than rape which is a felony of the first degree.

Most recently, in *State* v. *Merriweather* (1980), 64 Ohio St. 2d 57, we were confronted with the issue of whether robbery as defined in R. C. 2911.02 may be a lesser included offense of aggravated robbery as defined in R. C. 2911.01(A)(1). In assessing the two crimes under requirement (ii) we scrutinized the differences between the offenses in order to determine if aggravated robbery could be committed without robbery also being committed.

Utilizing this same technique, the definition of sexual battery differs from the definition of rape in two respects. A rape occurs only if the perpetrator purposely compels the other to submit by force or threat of force. A sexual battery occurs if the perpetrator *knowingly* coerces the other to submit by any means which would prevent resistance by a person of ordinary resolution.

Force or the threat of force will always constitute coercion that would prevent resistance by a person of ordinary resolution. This is made clear in the Committee Comment to R. C. 2907.03 which states, in relevant part, that "sexual conduct by coercion***is somewhat broader that sexual conduct by force." Although we are not bound by Committee Comments, where, as here, they are consistent with the statutes, we will concur in them.

R. C. 2901.22(E) states in relevant part:

"When knowledge suffices to establish an element of an offense, then purpose is also sufficient culpability for such elements."

Because proof of purpose is always sufficient to prove knowledge, and because force or threat of force always constitutes coercion which would prevent resistance by a reasonable person, the offense of rape as defined in R. C. 2907.02(A)(1) cannot be committed without the offense of sexual battery as defined in R. C. 2907.03(A)(1) also being committed.

Finally, as to requirement (iii), we must determine if some element of the greater offense is not required to prove the commission of the lesser offense. Coercion for purposes of sexual battery is broader than the force required to prove rape and necessarily includes all uses of force. Force is not required to prove coercion. In this sense, sexual battery may be a lesser included offense of rape.

A more difficult question is presented by the mental state requirement of the two offenses. The issue is whether a person can knowingly coerce another to engage in sexual conduct by use or threat of force and not purposely do it as well.

R. C. 2901.22(A) states:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

This bifurcated definition of "purpose" is intended to encompass both those crimes where the result must be intended, such as causing death in the crime of murder, and those offenses where the act itself is all that must be intended, such as engaging in sexual conduct in the crime of rape.

R. C. 2901.22(B) states:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

It is possible for a person to compel another to engage in

sexual conduct by force or threat of force knowingly but not purposely. A person could subjectively believe that there is consent where there is none, and in using his strength could coerce another to submit by force. In such a case he would not intend to do the prohibited act. However, if he is aware of the circumstances that probably exist and that under such circumstances there probably is no consent he would have knowingly coerced another to engage in sexual conduct by force. Consequently, sexual battery as defined in R. C. 2907.03(A)(1) may be a lesser included offense of rape as defined in R. C. 2907.02(A)(1) where force is present.

The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged. This court made it clear in *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, that juries were not to be presented with compromise offenses which could not possibly be sustained by the adduced facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises can allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged.

There has been some confusion regarding our holding in *Nolton,* however. The rule in *Nolton* is stated in two paragraphs, at page 135, in the opinion. The first of these paragraphs states:

"If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence." (Emphasis *sic.*)

This paragraph, if read alone, arguably holds that if a complete defense is presented, any lesser included offense should not be presented to the trier of fact. Such a rigid ruling was clearly not intended by this court, as is shown by the next paragraph, which states:

"On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused." (Emphasis *sic.*)

To clarify, we are restating the rule as follows:

If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant.

In the case at bar, the evidence does not, even when considered most favorably to the defendant, present any fact pattern upon which the trier of fact could both acquit the defendant of the charge of rape under R. C. 2907.02(A)(1) and find him guilty of sexual battery under R. C. 2907.03(A)(1).

Two completely divergent stories were presented to the jury herein. In defendant's version coercion was not involved. In the prosecution's version force was clearly involved. No evidence was presented which would allow the jury to find that coercion other than force was used.

Defendant testified that Brenda initiated the sexual conduct. The prosecution's witnesses testified that they heard defendant forcing himself upon Brenda and heard her pleading for him to stop. Even in closing argument, defendant's counsel, although varying somewhat from defen-

dant's testimony, contended that Brenda had consented. No evidence was presented which could reasonably have allowed the jury to find that defendant had misunderstood a refusal to consent. The jury could not have found that defendant had acted knowingly but not purposely; it had to choose between a complete defense, and therefore acquittal, or the commission of the crime of rape. Under these facts the trial court did not err in failing to charge the jury on the crime of sexual battery.

In his cross-appeal, defendant contends that the admission of the pants was prejudicial error. A strict chain of custody is not always required in order for physical evidence to be admissible.

In *State* v. *Downs* (1977), 51 Ohio St. 2d 47, vacated on other grounds (1978), 438 U. S. 909, this court held that it was not error in a murder trial to admit a bloodstained pair of gray work pants which had been found in the defendant's apartment. The court looked at the totality of the evidence to determine whether the pants were admissible. At page 63, we stated that: "The fact that the pants were stained with blood, that they were seized from the defendant's room, and that***[a witness] recalled the pants to have been stained and to have been either blue jeans or gray work pants—all constitute adequate evidence that the pants were relevant to the innocence or guilt of the accused."

In order to establish sufficient relevance of clothing to the crime the offeror of the evidence must show that there is identity between the clothing and the crime, that the clothing is in substantially the same condition as it was at the time of the crime, and that it is probative of an element of the crime. In the case at bar, Brenda identified the pants as those she had worn when the incident occurred, except that they had been laundered. In addition, the police officers testified that she was wearing the jeans when the sexual conduct occurred, although one officer admitted that he did not mark them at that time.

The jeans were sufficiently identified with the events of July 5, 1978. The fact that they were washed and that the police failed to mark them goes to the weight, not the admissibility, of the evidence. The broken zipper is certainly probative of the issue of whether force was used. The trial court did not err in admitting the pants in evidence.

Finally, defendant contends that he was deprived of effective assistance of counsel in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16 of Article I of the Ohio Constitution.

In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, this court stated, at pages 396-397:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.

"On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299; *State* v. *Williams* (1969), 19 Ohio App. 2d 234."

In *Lytle* we also discussed the standards which should be used to determine whether there has been a substantial violation of any of counsel's essential duties. We made it clear that effectiveness was not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel. We must assess the reasonableness of the attorney's decisions at the time they are made, not at the time of our assessment.

Defendant asserts that he was deprived of effective assistance of counsel because of trial counsel's benign conduct of *voir dire,* his failure to object to admittance of hospital records which had not been produced in response to a Crim. R. 16 motion, his failure to interview the witnesses who testified at the motion for a new trial or to seek a continuance in order to secure their testimony, and his closing argument.

Defendant offers only the conclusion that counsel did not conduct an adequate *voir dire* examination. Such a bold assertion can not be the basis for a finding of ineffective assistance of counsel, particularly when the burden of proof is on defendant.

Further, there is no indication that the failure to object to the admission and use of the hospital records was prejudicial. The purpose of the medical records was to establish sexual conduct. In fact, the defendant actually admitted engaging in sexual conduct with the victim.

Although he did not personally interview the witnesses who testified at the hearing on the motion for a new trial, trial counsel did have an investigator talk with two of them. At the hearing, counsel testified that according to the report he received from the investigator, these two witnesses did not indicate that their testimony would be that Brenda had admitted that she was not raped. Use of an investigator was not a breach of a duty, and on the basis of the report received, failure to seek a continuance was not unreasonable even though defendant had insisted that these witnesses would be helpful. In addition, even the testimony elicited at the hearing is ambiguous, for according to defendant's witnesses Brenda merely said she was not raped. A multitude of other contingencies were left unsaid.

In his closing argument counsel made a logical choice and argued what he considered to be a more plausible version of the facts. He made an effort to construct a story which might have allowed the jury to believe some of the eyewitness testimony and still find the defendant not guilty. We do not find this improvisation to be unreasonable.

Defendant also asserts that his due process rights were violated because his trial counsel admitted defendant's guilt in closing argument and, further, failed to call the "three witnesses." These two allegations have already been disposed of and require no repetition.

Looking to the totality of defendant's constitutional claims, we conclude from the evidence that he was not deprived of any of these rights.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., concurs in the syllabus and in the judgment.

P. BROWN and DOWD, JJ., dissent.

392

Dowd, J., dissenting. I concur in the syllabus. However, I respectfully dissent from the judgment as I find that a jury could reasonably find from the surrounding circumstances that the defendant acted, with respect to culpability, only knowingly rather than purposely. I would affirm the Court of Appeals in its ruling that the trial court should have submitted for the jury's consideration the lesser included offense of sexual battery.

Moreover, in my opinion, to "***[coerce]***by any means," an element in the offense of sexual battery, R. C. 2907.03(A), may include the use of force by the offender. *State v. Tolliver* (1976), 49 Ohio App. 2d 258. To the extent the majority opinion implies to the contrary, I respectfully express my disagreement.