I concur in the majority's analysis and disposition of appellant's first and third assignments of error. I further concur in the majority's disposition of appellant's second assignment of error, but wish to clarify my reason for doing so.
The fact appellant offers a complete defense does not always preclude the trial court's giving an instruction on a lesser included offense. In State v. Wilkins (1980), 64 Ohio St.2d 382, the Ohio Supreme Court stated:
 If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
 Id. at 388. (Emphasis added).
As applied to the case sub judice, the issue becomes could the jury have found appellant did not purposely force Ms. Gwirtz to engage in sexual conduct, but knowingly forced her to do so because of a mistaken belief she had consented. Based upon appellant's own testimony at trial, the answer is no.
Appellant's defense was: 1) the sexual conduct was initiated by Ms. Gwirtz (consensual), and 2) he never forced Ms. Gwirtz to do anything. Although it is arguable the jury might have found appellant was acting under a mistaken belief Ms. Gwirtz consented to the sexual conduct[1], the jury could not reasonably believe appellant did not use force and still find appellant committed sexual battery under the facts of this case.
Unlike the hypothetical stated in Wilkins, wherein an instruction on the lesser included offense of sexual battery would be appropriate, in this case appellant does not assert he used force while acting under a subjective belief Ms. Gwirtz consented to the sexual conduct. It is the second prong of appellant's defense (the lack of the use of force) which is a complete defense to both rape and sexual battery. Based upon the evidence adduced on behalf of appellant, the jury could not find against the State on this element of rape yet find for the State on this same element of sexual battery. Accordingly, I concur in the majority's decision to overrule appellant's second assignment of error.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
[1] Based upon Ms. Gwirtz's testimony and appellant's confession to Lt. Goldsmith, such conclusion is unlikely.