OPINION
On March 5, 1999, the Ashland County Grand Jury indicted appellant, David Z. Pearce, on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A) and one count of possessing criminal tools in violation of R.C. 2923.24(A). Said charges arose from an incident wherein Michael Atherton was killed in a one-vehicle accident on October 16, 1998. The indictment alleged appellant was the driver of the vehicle and was under the influence at the time of the accident. The latter charge was subsequently dismissed. A jury trial commenced on November 16, 1999. The jury found appellant guilty as charged and found appellant was under the influence of alcohol at the time of the accident. By judgment entry filed January 5, 2000, the trial court sentenced appellant to two years in prison and suspended appellant's driver's license for life. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT INSTRUCTING THE JURY ON THE LESSER INCLUDED OFFENSE OF VEHICULAR HOMICIDE.
 I
Appellant claims the trial court erred in not instructing the jury on the lesser included offense of vehicular homicide. We disagree. Neither party contests that vehicular homicide is a lesser included offense of aggravated vehicular homicide. However, appellee, the State of Ohio, argues because of the theory of the case presented in defense, the lesser included offense did not apply sub judice. The standard upon which this issue rests is found in State v. Wilkins (1980), 64 Ohio St.2d 382, 388: If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant.
In pretrial motions, defense counsel was partially successful in attacking the weight to be given to the blood alcohol tests performed on appellant. See, Judgment Entry filed November 9, 1999. At trial, there was strenuous cross-examination to the blood alcohol test results and their meaning. T. at 469-474. The entire defense presented at opening statement and closing argument was that appellant was not the driver of the vehicle. T. at 79, 80, 82, 738, 743, 750, 756, 764. Defense counsel emphasized the dispute centered around who was driving the vehicle at the time of the accident. T. at 738. Defense counsel argued appellant's admissions to being the driver made at the scene were made by an "out of control" and "inconsolable" individual. T. at 80. To this end, defense counsel elicited testimony of appellant's distraught nature at the scene. T. at 111, 114-115, 126, 140-141, 191, 256, 260-261, 567, 570. Further, defense counsel presented witnesses who challenged the medical records and the opinion of the Ohio State Highway Patrol accident reconstruction expert that appellant was the driver. T. at 586-588, 590-593, 596-599, 623-649, 683. Clearly the defense centered on only one issue, who was the driver of the vehicle at the time of the accident. After lengthy argument by counsel, the trial court found "it feels the lesser included offense is not appropriately given in this case." T. at 700. Given the defense presented, we concur with this decision. With the presentation of a complete defense only, there would have been no way to consider the lesser included offense under a reasonable view of the evidence. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed. By Farmer. and Edwards, J. concur. Hoffman concurs separately.