DECISION
Defendant-appellant, Brian A. Speakman, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of felonious assault in violation R.C.2903.11.
Defendant's conviction arises out of an incident which occurred during the early morning hours of Saturday, August 28, 1999. At approximately 5:30 a.m. on that morning, defendant left the home of a friend and began walking home. As defendant was walking down an alley on his way home he saw his former girlfriend, Brenda Smith, and James Spears sitting on a fire escape together, talking and drinking beer. According to defendant's testimony, he walked up to Smith and asked her if she was ready to go home with him. Spears then "butted in," and defendant told him that the matter was none of his business. Spears then stood up and came at defendant carrying what defendant thought was either a brick or a bottle. When Spears reached defendant, he began hitting him. In response, defendant pulled out the knife he carries for his job as a tree trimmer and stabbed Spears. The two men then separated and defendant ran away.
Spears testified that, when defendant approached Smith, he asked her if she was sleeping with Spears. Spears then told defendant that if he wanted to argue he should just move along. According to Spears, defendant then attacked him. Spears stated that he did not see the knife that defendant used to stab him, and that at the time he believed that defendant was punching him. It was only after defendant had fled that Spears realized that he had been stabbed.
Beginning on December 16, 1999, defendant was tried to a jury on one count of attempted murder and one count of felonious assault. Defendant's theory during the trial was that he had been acting in self-defense when he stabbed Spears. However, in addition to a jury instruction on self-defense, defendant also requested that the jury be instructed on the lesser included offense of aggravated assault. The trial court instructed the jury on self-defense, but refused to instruct the jury on aggravated assault.
On December 17, 1999, the jury found defendant not guilty of attempted murder, but guilty of felonious assault. The court then sentenced defendant to seven years in the state penitentiary.
Defendant appeals from his conviction and sentence asserting the following error:
 THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUEST FOR A CHARGE TO THE JURY ON THE LESSER OFFENSE OF AGGRAVATED ASSAULT.
The offenses of felonious assault and aggravated assault both require a showing that the defendant knowingly caused serious physical harm to another, or knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or dangerous ordinance. R.C. 2903.11(A) and 2903.12(A). The difference between the two offenses is that the lesser offense of aggravated assault occurs where the seriousness of the defendant's conduct is mitigated because it was committed "under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.12(A); State v. McBeth (Dec. 13, 1995), Seneca App. No. 13-95-19, unreported; State v. Manfut (Sept. 25, 1986), Cuyahoga App. No. 50994, unreported.
In the present case, the trial court denied defendant's request for a jury instruction on aggravated assault finding that there was no evidence of "serious provocation" by the victim. Defendant contends that his testimony that he believed Spears had a brick or bottle in his hand when he came at him is evidence of serious provocation which entitled him to a jury instruction on aggravated assault.
A defendant is entitled to have the jury instructed on a lesser included offense whenever evidence has been presented from which the trier of fact could find the defendant not guilty of the greater offense and guilty of the lesser offense. State v. Wilkins
(1980), 64 Ohio St.2d 382, 388. In determining whether a defendant is entitled to a lesser included offense instruction, the evidence must be viewed in the light most favorable to the defendant, without regard for its weight or reliability. Id.
In arguing that the trial court erred in determining that evidence of serious provocation was lacking, defendant focuses on the victim's behavior. We agree with defendant that his testimony that he believed that Spears was coming at him with a brick or a bottle in his hand constitutes serious provocation. However, in order to be entitled to a jury instruction on the lesser included offense of aggravated assault, the evidence must be such that the jury could find that serious provocation by the victim caused the defendant to act under the influence of a sudden passion or in a sudden fit of rage. R.C. 2903.12(A); State v.Tantarelli (May 23, 1995), Franklin App. No. 94APA11-1618, unreported. It is true that, in most cases, evidence of serious provocation by the victim will be sufficient to entitle the defendant to a lesser included offense instruction, as there will be no direct evidence of the defendant's state of mind. Absent direct evidence of the defendant's state of mind, it must be inferred, for purposes of determining whether the defendant is entitled to a lesser included offense instruction, that the victim's provocative behavior caused the defendant to act under a sudden passion or in a sudden fit of rage. See State v. Shane
(1992), 63 Ohio St.3d 630, 634, fn. 1 (indicating that the rule requiring the evidence to be viewed in the light most favorable to the defendant, requires the court to infer that the victim's provocation actually provoked the defendant).
In the instant case, however, there is direct evidence of the defendant's state of mind at the time of the stabbing; and that evidence does not support a finding that defendant was under the influence of a sudden passion or in a sudden fit of rage. Specifically, defendant testified that, when Spears stood up, he was "nervous, very nervous," and a little bit high from beer and marijuana. Defendant did not state that he was angry, much less that he was enraged or acting out of extreme passion. Accordingly, the trial court properly declined to instruct the jury on the lesser included offense of aggravated assault.Tantarelli, supra.
Defendant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.