DESHLER, J., dissenting.
 {¶ 36} Being unable to agree with the majority as it relates to defendant's second assignment of error, I respectfully dissent.
 {¶ 37} Defendant claims the trial court erred upon denying his request for an instruction to the jury on the lesser included offense of assault. Defendant had been indicted and was being tried on a charge of felonious assault.
 {¶ 38} As stated in State v. Wilkins (1980), 64 Ohio St.2d 382,384:
 {¶ 39} "An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 40} While I recognize that defendant may not be entitled to an instruction on a lesser included offense, unless the evidence warrants such instruction, in State v. Solomon (1981), 66 Ohio St.2d 214, 221, the Ohio Supreme Court stated:
 {¶ 41} "Thus, if due to some ambiguity in the state's version of the events involved in a case the jury could have a reasonable doubt regarding the presence of an element required to prove the greater but not the lesser offense, an instruction on the lesser included offense is ordinarily warranted."
 {¶ 42} As pointed out in defendant's brief, the jury in the instant case posed a question after being in deliberations, asking "Is this an all or nothing verdict? Are there lesser charges (simple assault) that can be charged if felonious assault does not seem applicable? (emphasis added) (Tr. Vol. II. pp. 338-340.)" Defendant's brief at 9.
 {¶ 43} While the state of the evidence in this case would permit a jury to find defendant guilty of felonious assault, there is some evidence, if construed by the jury in favor of the defendant, that would permit consideration of the lesser included offense of assault. As stated in the Wilkins case, supra:
 {¶ 44} "The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant." Id. at 388.
 {¶ 45} The question posed by the jury of course came too late in the proceedings. The evidence warranted an instruction on the lesser offense of simple assault. The majority finds no error on the part of the trial court in denying the requested instruction. I disagree and therefore dissent.