OPINION
{¶ 1} Dwain John Cochran is appealing the judgment of the Montgomery County Court of Common Pleas convicting him of felonious assault and sentencing him to five years of incarceration.
 {¶ 2} On October 24, 2001, Cochran, his wife Joanne Cochran (hereinafter referred to as "Ms. Cochran"), and Ms. Cochran's son, Martinez Bean, had a conversation with their former landlord, Kenneth Seabrook. Ms. Cochran confronted Seabrook after she failed to receive a welfare check that should have been delivered to the apartment she previously rented from Seabrook. Ms. Cochran learned that the check had been cashed at Huntington Bank and believed that Seabrook had stolen and cashed the check without her authorization.
 {¶ 3} According to Cochran, upon being confronted, Seabrook motioned as if he were going to strike Ms. Cochran with a drinking glass that was in his hand. Cochran explained that Bean had pushed his mother out of the way and a "tussle" had erupted between Cochran, Bean, and Seabrook. Seabrook was injured in the fight and was transported to the hospital.
 {¶ 4} According to Seabrook, Bean pulled a gun out of his sweat pants and pointed it at Seabrook. During the fight, Bean struck Seabrook in the face with the butt of the gun, and Cochran struck him with a breaker bar. As a result of the altercation, Seabrook suffered a broken blood vessel in his left eye, swelling, knots, and scrapes over his face and head, bruising in his ribs, dizziness, and back pain.
 {¶ 5} On December 27, 2001, the Montgomery County Grand Jury indicted Cochran on one count of felonious assault by means of a deadly weapon, in violation of R.C. 2903.11(A)(2). Following a jury trial that commenced on June 18, 2002, the jury found Cochran guilty as charged and sentenced him to a five year term of imprisonment.
 {¶ 6} Cochran appeals his conviction and sentence, asserting three assignments of error.
 {¶ 7} Cochran's first assignment of error:
 {¶ 8} "The trial court erred in refusing to instruct on the lesser included offense of assault[.]"
 {¶ 9} In his first assignment of error, Cochran argues that the trial court committed reversible error when it failed to instruct the jury on assault as a lesser included offense of felonious assault. Specifically, Cochran claims that there was evidence to support a finding that he had not picked up the breaker bar and that there had thus been no deadly weapon involved (an element of felonious assault under R.C.2903.11(A)(2), but not of assault under R.C. 2903.13(A)). Because assault is a lesser included offense of felonious assault, Cochran maintains that the trial court's refusal to give jury instructions on the lesser included offense of assault constituted reversible error. The State asserts that, although the trial court may have erred in refusing to instruct the jury on the lesser included offense of assault, the error was harmless.
 {¶ 10} There is no question that assault under R.C. 2903.13(A) is a lesser included offense of felonious assault as described in R.C.2903.11(A)(2). State v. Goodwin (Jan. 25, 1995), Montgomery App. No. 14269. A jury instruction on a lesser included offense "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of syllabus. Conversely, if the jury could not reasonably find against the State on any element of the crime, then a charge on a lesser included offense is not only not required but also improper. Id. Additionally, the evidence must be construed in the light most favorable to the defendant. State v. Wilkins (1980), 64 Ohio St.2d 382, 388,415 N.E.2d 303.
 {¶ 11} The distinguishing element between felonious assault in violation of R.C. 2903.11(A)(2) and assault in violation of R.C. 2903.13(A) is whether the actor used a deadly weapon. To convict Cochran of assault under R.C. 2903.13(A), the prosecution would have had the burden of proving that Cochran knowingly caused physical harm to Seabrook. In order to prove felonious assault under R.C. 2903.11(A)(2), the State was required to show that Cochran knowingly caused physical harm to Seabrook by means of a deadly weapon. Thus, in order to determine whether the instruction was required, we must examine the evidence presented regarding the use of the breaker bar.
 {¶ 12} Cochran maintains that he never picked up the breaker bar and therefore did not strike Seabrook with it. Cochran testified that, after arguing with Ms. Cochran, Seabrook had thrown out the contents of his drinking glass and had attempted to hit Ms. Cochran with the glass. Bean pushed Ms. Cochran aside to move her away from Seabrook, and Cochran stepped in front of Seabrook and "squared off" with him. A "tussle" erupted. During the exchange, Cochran struck Seabrook, though not with a breaker bar, and saw Bean strike Seabrook, though not with a gun. He further asserts that, had he struck Seabrook with the breaker bar, Seabrook's injuries would have been more severe.
 {¶ 13} Cochran contends that, if his testimony had been believed, the jury would have concluded that he did not use a deadly weapon, the breaker bar, and thus would have convicted him of misdemeanor assault and not felonious assault. We agree.
 {¶ 14} In construing the evidence in favor of Cochran, the jury could have found that Cochran committed an assault without "a deadly weapon or dangerous ordnance." If the jury were to believe Cochran's testimony, it would have convicted him on the assault charge and acquitted him of the felonious assault charge.
 {¶ 15} Accordingly, we find that the trial court committed reversible error in failing to instruct the jury on the lesser included offense of assault pursuant to R.C. 2903.13(A). We sustain Cochran's first assignment of error and reverse and remand the case for a new trial.
 {¶ 16} Cochran's second assignment of error:
 {¶ 17} "The trial court erred in refusing to instruct on the inferior degree offense of aggravated assault[.]"
 {¶ 18} Cochran alternatively asserts that the trial court committed reversible error in failing to instruct the jury on the inferior offense of aggravated assault. He claims that evidence existed that Seabrook's argument with Ms. Cochran had escalated and that Seabrook's attempt to strike her with his drinking glass had constituted provocation reasonably sufficient to arouse Cochran's passions beyond the point of his control, resulting in his actions of using the deadly weapon. For this reason, Cochran asserts that the trial court committed reversible error in failing to instruct the jury on the elements of aggravated assault.
 {¶ 19} Aggravated assault is an inferior offense, but not a lesser included offense, to felonious assault. State v. Deem (1988)40 Ohio St.3d 205, 210-211, 533 N.E.2d 294. In a trial for felonious assault, if the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. Id. at paragraph four of the syllabus. To determine if there was serious provocation, we must first analyze the situation and objectively determine whether the provocation was reasonably sufficient to bring on sudden passion or a sudden fit of rage. State v. Shane (1992),63 Ohio St.3d 630, 635, 590 N.E.2d 272. If that standard is met, we must then determine if the defendant was, in fact, under the influence of sudden passion or in a sudden fit of rage, inquiring into the emotional and mental state of the defendant at the time of the incident. Id.;Deem, supra, at paragraph five of the syllabus.
 {¶ 20} In determining if there was sufficient evidence for an instruction on aggravated assault, we must first examine if there was provocation reasonably sufficient to bring on sudden passion or a sudden fit of rage. Ms. Cochran and Seabrook entered into a confrontation. According to Cochran, Seabrook had a drinking glass in his hand, and, during the confrontation where Ms. Cochran accused Seabrook of stealing and cashing her welfare check, Seabrook emptied out the contents of the glass and made a motion toward Ms. Cochran as if to strike her with the glass. Cochran claims that Bean pushed his mother out of the way, while Cochran "squared off" with Seabrook. The action of Seabrook motioning toward Ms. Cochran with the empty glass is the action Cochran argues brought about a sudden passion or fit of rage.
 {¶ 21} Even if we review the evidence in the light most favorable to Cochran, the trial court did not err in failing to instruct the jury on the inferior offense of aggravated assault. Cochran failed to establish that Seabrook's actions constituted serious provocation. Even assuming that the jury would have believed Cochran's version of events, the evidence established that Seabrook motioned as if intending to hit Ms. Cochran but that Bean intervened and Seabrook did not hit her. Cochran testified that he had felt that his wife was still in danger and that Seabrook could have again pursued hurting Ms. Cochran. He further testified that Seabrook had "turned on" both him and Bean, forcing him to "square off" with Seabrook. However, Cochran was allied with Bean, and they both were armed with deadly weapons. Considering the circumstances, we do not find that Cochran was sufficiently provoked to justify his repeatedly striking Seabrook with a breaker bar on the head and back.
 {¶ 22} Accordingly, we do not find that the trial court erred when it failed to instruct the jury on the crime of aggravated assault. Cochran's second assignment of error is overruled.
 {¶ 23} Cochran's third assignment of error:
 {¶ 24} "The trial court's order of continuance at the request of the prosecution violated Appellant's right to a fair trial[.]"
 {¶ 25} In Cochran's third assignment of error, he maintains that the trial court abused its discretion by granting the State a continuance to locate two witnesses who were not present on the day of trial.
 {¶ 26} Based upon our disposition of the first assignment of error, this assignment of error is moot.
 {¶ 27} The judgment of the trial court is reversed and remanded in accordance with this opinion.
FAIN, P.J. and GRADY, J., concur.