[Cite as *State v. Swisher*, 2017-Ohio-2921.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,                     CASE NO. 13-16-35

     v.

JASON G. SWISHER,                          O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Trial Court No. 16CR0044

**Judgment Affirmed**

Date of Decision: May 22, 2017


APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Angela M. Boes* **for Appellee**

**SHAW, J.**

{**¶1**} Defendant-appellant, Jason Swisher ("Swisher), brings this appeal from the November 9, 2016, judgment of the Seneca County Common Pleas Court sentencing Swisher to a 10-year prison term after Swisher was convicted in a jury trial of Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. On appeal, Swisher argues that the trial court erred in denying his request that a jury instruction be given on the lesser-included offense of Sexual Battery, and that his conviction was against the manifest weight of the evidence.

*Relevant Facts and Procedural History*

{**¶2**} On March 2, 2016, Swisher was indicted for Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. Swisher pled not guilty to the charge and his case proceeded to a jury trial, which was held November 7-8, 2016.

{**¶3**} At trial, the State presented the testimony of nine witnesses including the alleged victim, S.B., who was 14 years old when the sexual assault occurred. S.B. testified that Swisher was a cousin through marriage and that she had known him since she was approximately 6 years old.[1]

{**¶4**} S.B. testified that in the late evening hours of December 3, 2015, Swisher came to S.B.'s mother's residence while S.B.'s mother was at work. S.B.

---

[1] Testimony indicated that Swisher was 38 at the time of the alleged sexual assault.

testified that Swisher was not expected, but he was invited inside.  At the time, S.B. testified and that her older sister Kimmie was present at the residence, as was S.B.'s brother and S.B.'s little sister.  S.B. testified that they were watching a movie together in the living room.

{¶5} S.B. testified that Swisher stayed as they watched television and that he eventually fell asleep on the couch.  S.B. testified that she fell asleep on a separate love seat and that her sister Kimmie apparently turned off the television and went to bed in her room.  S.B. testified that she awoke at one point when Swisher got up and stepped on the dog, but she quickly fell back to sleep.  Later, S.B. testified that she was awakened when Swisher placed one hand on her leg and one hand down her shirt under her bra.

{¶6} S.B. testified that Swisher grabbed both of her hands in one of his and held them above her head and covered her mouth with his other hand.  S.B. testified that she tried to move her hands but Swisher squeezed them tighter.  S.B. testified that Swisher rubbed her chest and put his mouth on her chest, leaving a hickey.

{¶7} S.B. testified that Swisher then removed her shorts with the hand that had been covering her mouth, but she did not scream because she was too scared to make any noise.  S.B. testified that Swisher pulled her shorts to her ankles and then put his penis inside her vagina.  S.B. testified that it hurt and burned and that she was crying during the act.

{¶8} S.B. testified that she tried to physically resist, to move her hands and legs, but Swisher put his legs on top of hers. S.B. testified specifically that she did not consent to the act. S.B. testified that she was too afraid to say anything, that she was scared and shocked that it was happening. She testified that she was not sure whether Swisher ejaculated.

{¶9} S.B. testified that shortly after the incident she went to the room she shared with her sister Kimmie, then upstairs to her other sibling's bedroom to try and sleep in her little sister's bed. S.B. testified that she told Kimmie what happened to her the next day after school and that Kimmie encouraged her to tell S.B.'s aunt. Afterward, they told S.B.'s mother, and then S.B.'s father was informed, who called the police.

{¶10} S.B. was then interviewed by the police and taken to the hospital where a Sexual Assault Nurse Examiner ("SANE") examined her. During S.B.'s examination, the SANE noted suction injuries on S.B.'s breasts and a bruise on S.B.'s knee that S.B. claimed was from Swisher grabbing her; however, the SANE did not report any injuries to S.B.'s hands or wrists, which S.B. testified at trial were bruised as a result of the incident. The SANE indicated that S.B. did not sustain any genital injuries, but the SANE testified that was not uncommon. The SANE testified that 80-90 percent of sexual assault cases do not show "genital injuries." (Trial Tr. at 299). The SANE ultimately testified that S.B.'s injuries were consistent with her

story. Finally, as part of the SANE's examination of S.B., a swab from S.B.'s vagina was taken and it was later compared to Swisher's DNA. A forensic scientist testified at trial that the swab contained DNA from S.B. and DNA that was consistent with Swisher's.[2]

{¶11} Swisher cross-examined the majority of the State's witnesses but he did not present any evidence. Swisher implied through his cross-examination that the sexual act was consensual rather than forced; however, S.B. explicitly denied this claim. In an attempt to discredit S.B., Swisher's counsel also pointed to minor inconsistencies in S.B.'s story from her initial disclosure through trial.

{¶12} Prior to the case being submitted to the jury, Swisher requested that the trial court instruct the jury on lesser included offenses in addition the Rape instructions. The trial court denied Swisher's request after briefly citing cases on the record.

{¶13} Ultimately the jury found Swisher guilty of Rape as indicted. The case proceeded immediately to sentencing and Swisher was sentenced to serve 10 years in prison. A judgment entry memorializing Swisher's conviction was filed November 9, 2016. It is from this judgment that Swisher appeals, asserting the following assignments of error for our review.

---

[2] The State presented the testimony of a number of officers involved in the investigation and involved in handling the evidence. The State also presented the testimony of two forensic scientists and the SANE. Reports from the SANE and the forensic scientists were introduced into evidence.

**Assignment of Error No. 1**
**Appellant's Sixth and Fourteenth Amendment right[s] to due process were violated when he was denied jury instructions on lesser included offenses.**

**Assignment of Error No. 2**
**Appellant's conviction was against the manifest weight of the evidence.**

*First Assignment of Error*

**{¶14}** In his first assignment of error, Swisher argues that the trial court erred by "not allowing jury instructions for lesser included offenses[,] * * * [s]pecifically, [S]exual [B]attery." (Appt.'s Br. at 5). Swisher claims that the evidence presented in this case warranted an instruction on Sexual Battery.[3]

**{¶15}** At the outset, we note that "[a] lesser-included-offense instruction is not warranted every time 'some evidence' is offered to support the lesser offense." *State v. Bolden*, 11th Dist. Lake No. 2014-L-121, 2016-Ohio-4727, ¶ 51, quoting *State v. Shane,* 63 Ohio St.3d 630, 632 (1992). Rather, there must be "sufficient evidence" to allow the jury to acquit the defendant on the indicted offense and to find him guilty on the lesser included offense. *Id*., quoting *Shane* at 632–633; *see also* R.C. 2945.74; Crim.R. 31(C).

---

[3] At the trial court level, in addition to arguing that the trial court should have given an instruction on Sexual Battery, Swisher argued that the trial court should have instructed the jury on the lesser-included offense of Unlawful Sexual Conduct with a Minor. Swisher only renews his argument on appeal with respect to the instruction on Sexual Battery. He makes no argument whatsoever regarding an instruction for Unlawful Sexual Conduct with a Minor, thus we will not address it.

{¶16} In this case, the State charged Swisher with Rape pursuant to R.C. 2907.02(A)(2), which reads, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Swisher requested a jury instruction on the lesser-included offense of Sexual Battery pursuant to R.C. 2907.03(A)(1), which reads, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."

{¶17} Based on the statutory elements of the cited sections, Rape requires the use of "force or threat of force" to compel the victim's submission, while Sexual Battery only requires coercion. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 268. "Because 'force or threat of force always constitutes coercion,' an offender cannot commit [R]ape under R.C. 2907.02(A)(2) without also committing [S]exual [B]attery under R.C. 2907.03(A)(1)." *Id*. quoting *State v. Wilkins*, 64 Ohio St.2d 382, 386 (1980). "However, the State need not prove force or the threat of force in order to prove [S]exual [B]attery." *Johnson* at ¶ 268. Therefore, according to the Supreme Court of Ohio, Sexual Battery as defined by R.C. 2907.03(A)(1), constitutes a lesser included offense of Rape as defined by R.C. 2907.02(A)(2). *Id*.

{¶18} Nevertheless, as noted previously, an instruction regarding a lesser included offense must be given " 'only where the evidence presented at trial would

reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.' " *Johnson*, *supra*, at ¶ 269, quoting *State v. Thomas*, 40 Ohio St.3d 213, 216 (1998). Thus, the failure to instruct on the offense of Sexual Battery constitutes error only if the jury could reasonably have found that Swisher compelled S.B. to submit by coercion, but not by force or the threat of force. *Johnson* at ¶ 269, citing *State v. Keenan,* 81 Ohio St.3d 133, 139–140, 1998-Ohio-459.

{¶19} Here, there was no "coercion" alleged other than force. S.B. did not claim, and the State did not argue, that S.B. was coerced into the sexual act through means other than force; rather it was claimed that Swisher held her hands together over her head and forcibly raped her. Based on the evidence presented there is no reasonable probability that a jury could find Swisher not guilty of Rape by force or threat of force but find him guilty of Sexual Battery based on coercion where the only coercion alleged was force.[4] Thus we cannot find that the trial court erred by declining to instruct the jury on the lesser-included offense of Sexual Battery. Therefore, Swisher's first assignment of error is overruled.

*Second Assignment of Error*

{¶20} In Swisher's second assignment of error, he argues that his conviction was against the manifest weight of the evidence.

---

[4] We do not dispute that there could be situations where coercion is present but force is not, but that is not the circumstance before us in this case.

{¶21} Despite listing "manifest weight" as an assignment of error in his brief, Swisher makes absolutely no argument in support of this assignment of error. He does not cite to the record, does not cite any supporting legal authority, and he does not even bother to cite the boilerplate standard of review regarding manifest weight of the evidence. For these reasons alone we could overrule Swisher's second assignment of error. App.R. 12(A)(2). Nevertheless, in the interest of justice, we will address his assignment of error, though we will not manufacture his argument for him.

{¶22} In reviewing whether a defendant's conviction was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. Furthermore, "[t]o reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." *Thompkins* at paragraph 4 of the syllabus; Ohio Constitution, Article IV, Section (B)(3).

{¶23} In this case Swisher was convicted of Rape in violation of R.C. 2907.02(A)(2), which reads, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶24} In this case, at the trial court level Swisher contended through his cross-examination of various witnesses, especially the victim, that S.B. consented to having sex with him. Contrary to Swisher's contention, S.B. clearly testified at trial that she did not consent to sexual intercourse with Swisher and she detailed how he held her down, bruised her, and prevented her from getting up. S.B. testified that she was afraid Swisher would hurt her worse, so she did not scream. Although Swisher argued that S.B. was not credible, the jury was in a far better position to judge S.B.'s credibility and we cannot find that the factfinder clearly lost its way in this instance or that there was a manifest miscarriage of justice. Thus Swisher's second assignment of error is overruled.

## *Conclusion*

{¶25} For the foregoing reasons Swisher's assignments of error are overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

**Judgment Affirmed**

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/jlr**

-10-