[Cite as *State v. Cordoba*, 2017-Ohio-8671.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-16-001

    Appellee                                 Trial Court No. 15CR000048

v.

Romauldo M. Cordoba, Jr.                         **DECISION AND JUDGMENT**

    Appellant                                Decided:  November 22, 2017

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Fulton County Court of Common

Pleas, following a jury trial, convicting appellant of one count of domestic violence in

violation of R.C. 2919.25, a misdemeanor of the fourth degree, and one count of

involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, with an attendant gun specification. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The testimony from the trial reveals that in the early morning hours of April 25, 2015, appellant confronted his estranged wife in the parking lot of DB Billiards in Wauseon, Ohio. As appellant's wife exited the pool hall and entered her vehicle, appellant drove up behind her and blocked her vehicle with his car. Appellant than exited his vehicle and banged on his wife's driver's-side window; first with his fist, then with a gun.

{¶ 3} The victim, Josh McJilton, saw this altercation and intervened. Security footage from the pool hall shows that the victim approached appellant and the two stood close together face to face. Appellant fired a warning shot in the air, but the victim did not move back. Appellant then began backing away and fired shots towards the ground near appellant's feet. One of the shots hit the victim in the left leg. The victim then either fell or lunged forward. Appellant fired another shot, which hit the victim in the right chest, and because of the shallow angle, passed through the victim's body, perforating the victim's lung and heart. The victim died as a result of this gunshot wound.

{¶ 4} Appellant was indicted on charges of domestic violence and murder. He entered a plea of not guilty, and the matter proceeded to a jury trial. Prior to the start of trial, appellant filed a motion for a change of venue, arguing that due to the extensive

2.

pre-trial publicity, appellant could not receive a fair trial in Fulton County. The trial court held this motion in abeyance until after voir dire. At voir dire, most of the potential jurors indicated that they had some familiarity with the case, either through news reports, social media, or word of mouth. Those jurors who indicated that they could not set their prior knowledge aside and reach a verdict solely on the facts presented at trial were immediately excused. A large number of the remaining jurors stated that they could decide the case based on the facts presented at trial, and acknowledged that news reports can contain errors, or may not present all of the facts. After the challenges for cause, and the use of all of the peremptory challenges, the jury consisted of nine individuals who had admitted to some level of pre-trial exposure to the facts of the case. However, all of the jurors reported that they could be fair and impartial. Upon the seating of the jury, the trial judge denied appellant's motion for a change of venue, stating that he was confident that appellant could receive a fair trial.

{¶ 5} Following the presentation of the evidence, the trial court instructed the jury on the charges of domestic violence and murder. The court also instructed the jury on the lesser included offenses of involuntary manslaughter in violation of R.C. 2903.04(A), with the underlying predicate offense being a felony, and reckless homicide in violation of R.C. 2903.041. Notably, the court denied appellant's request to alternatively instruct the jury on involuntary manslaughter, with the underlying predicate offense being a misdemeanor, in violation of R.C. 2903.04(B).

3.

**{¶ 6}** The jury returned with a verdict finding appellant guilty of domestic violence and involuntary manslaughter with the gun specification. At sentencing, the trial court imposed a total prison sentence of 14 years.

## II. Assignments of Error

**{¶ 7}** Appellant has timely appealed his judgment of conviction, and now asserts two assignments of error for our review:

> I. The trial court abused its discretion and denied Mr. Cordoba his right to a fair and impartial jury when it overruled his motion for a change of venue, in violation of Mr. Cordoba's rights under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution.

> II. The trial court committed plain error when it gave jury instructions for the lesser included offense of involuntary manslaughter which required the jury to consider the elements of felonious assault, an unindicted felony, as the predicate, proximate offense, without explaining that the same offense could be based on a proximate misdemeanor.

## III. Analysis

**{¶ 8}** In his first assignment of error, appellant argues that the trial court abused its discretion when it denied his motion for a change in venue, thereby denying his right to a fair trial.

{¶ 9} Crim.R. 18(B) provides that "Upon the motion of any party or upon its own motion the court may transfer an action to any court having jurisdiction of the subject matter outside the county in which trial would otherwise be held, when it appears that a fair and impartial trial cannot be held in the court in which the action is pending." "Any decision on a change of venue rests in the sound discretion of the trial court." *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 29. "Absent a clear showing of an abuse of discretion, the trial court's decision controls." *State v. Landrum*, 53 Ohio St.3d 107, 116, 559 N.E.2d 710 (1990).

{¶ 10} Appellant argues that the extensive pretrial publicity tainted the jury pool, emphasizing that of the 38 potential jurors, 15 were excluded due to having predetermined opinions of appellant's guilt. Further, nearly all of the jurors had been exposed to some level of information regarding the facts of the case given that it occurred in the small community of Wauseon. As support for his position, appellant attached to his motion for a change of venue numerous news articles and Facebook posts regarding the circumstances of the crime, his arrest, and the related pretrial procedures. The articles themselves were fairly innocuous, noting that appellant was "accused" of murdering the victim, and relaying what the police "said" or "believed." Some of the comments to the articles and Facebook posts, on the other hand, were full of enmity and contempt, and displayed a desire for complete vengeance. Appellant concludes that the facts in this case present the rare occasion where prejudice by the jury can be presumed.

5.

**{¶ 11}** We disagree.  The Ohio Supreme Court has recognized that Crim.R. 18(B) "does not require a change of venue merely because of extensive pretrial publicity." *Gross* at ¶ 29, citing *Landrum* at 116-117.  "A careful and searching voir dire provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality." *Id.*  Further, "[a] defendant claiming that pretrial publicity has denied him a fair trial must show that one or more jurors were actually biased.  Only in rare cases may prejudice be presumed."  (Internal citations omitted.)  *Id.*

**{¶ 12}** We find the Ohio Supreme Court's decision in *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, to be instructive.  In that case, the defendant's written confession was published on the front page of a local newspaper before trial.  Despite recognizing that "A 'defendant's own confession [is] probably the most probative and damaging evidence that can be admitted against him,'" the court held that it was not the extraordinary case in which prejudice should be presumed. *Id.* at ¶ 62, 68, quoting *Skilling v. United States*, 561 U.S. 358, 383, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010).  The court based its reasoning on the circumstances surrounding the publication, as well as the trial court's action during voir dire.  Notably, the trial court required potential jurors to complete a publicity questionnaire, permitted questioning about publicity issues, instructed potential jurors to disregard all information from outside sources and sought assurances that every juror would set aside preexisting opinions and be fair to both sides, reminded potential jurors that the media is not always accurate, and

6.

excused potential jurors who expressed an inability to set aside preexisting opinions. *Id.* at ¶ 67.

{¶ 13} Here, the pretrial publicity was not as prejudicial as in *Mammone* because it did not contain a confession from appellant. Also, although the crime generated significant news coverage in the small community, the news articles retained a level of objectivity and were not overly inflammatory or accusatory. Moreover, the trial court was mindful of the pretrial publicity and, as in *Mammone*, required the potential jurors to fill out a publicity questionnaire, permitted counsel to question the jurors about publicity issues, instructed the jurors that the case must be decided on the facts presented at trial and cautioned that the media may not have all the facts or may not report the facts accurately, sought individual assurances that potential jurors could be fair and impartial, and dismissed those jurors who indicated that they could not set aside their preexisting opinions. Thus, we hold that this is not the exceptional case in which prejudice is presumed.

{¶ 14} Furthermore, we hold that appellant has not demonstrated that any of the jurors that were seated were actually prejudiced. "A juror will be considered unbiased 'if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" *Mammone* at ¶ 71, quoting *Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Here, all of the seated jurors indicated to the court's satisfaction that they could be fair and decide the case on the evidence produced at trial, and our review of the record reveals no facts that would undermine the trial

7.

court's conclusion. Therefore, we hold that the trial court did not abuse its discretion when it denied appellant's motion for a change of venue.

{¶ 15} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 16} In his second assignment of error, appellant argues that the trial court erred in failing to instruct the jury on involuntary manslaughter under R.C. 2903.04(B), which is a felony of the third degree, with the predicate offense being misdemeanor domestic violence. Appellant contends that instructing the jury on involuntary manslaughter under R.C. 2903.04(A), which is a felony of the first degree, with the predicate offense being felonious assault, violated the indictment because appellant was only charged with murder and misdemeanor domestic violence.

{¶ 17} At the outset, we reject appellant's argument that the instruction on involuntary manslaughter based on a predicate felony offense was error because appellant was not indicted for felonious assault. It is well-settled in Ohio that "A defendant may be found guilty of a lesser included offense even if the lesser offense is not included in the indictment." *State v. Koger*, 6th Dist. Lucas No. L-05-1265, 2007-Ohio-2398, ¶ 29, citing *White v. Maxwell*, 174 Ohio St. 186, 188, 187 N.E.2d 878 (1963). Further, involuntary manslaughter is a lesser included offense of murder.[1] *State v. Kidder*, 32

---

[1] Murder under R.C. 2903.02(A) provides that "No person shall purposely cause the death of another or the unlawful termination of another's pregnancy." Involuntary manslaughter under R.C. 2903.04 provides that "No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit" a felony, R.C. 2903.04(A), or a misdemeanor of any degree, R.C. 2903.04(B).

8.

Ohio St.3d 279, 282, 513 N.E.2d 311 (1987) ("Involuntary manslaughter is always and necessarily a lesser included offense of murder because murder cannot ever be committed without also committing or attempting to commit a felony or a misdemeanor."). Thus, it was not error to instruct on involuntary manslaughter based on a predicate felony offense.

{¶ 18} The second question appellant presents is whether the trial court erred in not alternatively instructing on the lesser included offense of involuntary manslaughter based on a predicate misdemeanor offense. In determining whether an instruction on a lesser included offense is warranted, a trial court's task is twofold: "first, it must determine what constitutes a lesser included offense of the charged crime; second, it must examine the facts and ascertain whether the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater." *Kidder* at 280.

{¶ 19} Under the first step, it is not contested that involuntary manslaughter based on a predicate misdemeanor offense is also a lesser included offense of murder. *See id.* at 282.

{¶ 20} Under the second step, "The mere fact that an offense can be a lesser included offense of another does not mean that a court must instruct on both offenses where the greater offense is charged. * * * [Juries are] not to be presented with compromise offenses which could not possibly be sustained by the adduced facts." *Koger* at ¶ 38, quoting *State v. Wilkins*, 64 Ohio St.2d 382, 387, 415 N.E.2d 303 (1980).

{¶ 21} We addressed a similar situation in *Koger*. In that case, the defendant was indicted for aggravated murder based on his involvement in a shooting after a failed drug

9.

purchase. The trial court instructed the jury on both aggravated murder and the lesser included offense of involuntary manslaughter with the predicate offense of aggravated robbery. The defendant in *Koger* argued that the court also should have instructed the jury on the lesser included offense of involuntary manslaughter with the predicate offense of misdemeanor purchase of marijuana. *Id.* at ¶ 28. We held otherwise. In our decision, we reasoned that while the defendant may have originally went to the location with the intention of buying marijuana, the situation quickly evolved into an armed robbery when one of the defendant's associates pulled out a gun, ordered no one to leave, and demanded the victim's money and drugs. Thus, we concluded that it was "inconceivable" that the defendant and his associate were still attempting to purchase marijuana when the victim was shot three times, once at close range, and the trial court did not err in refusing to instruct the jury on involuntary manslaughter in the commission of a misdemeanor. *Id.* at ¶ 39.

{¶ 22} Similarly, here, appellant was committing domestic violence when he was banging on his wife's car window with his fist and his gun. However, once the victim confronted appellant, the situation evolved and appellant committed a separate offense of felonious assault when he shot multiple times in the direction of the victim. Therefore, we hold that because the jury could not have reasonably concluded that the killing occurred during the commission of an act of domestic violence, the trial court did not err in failing to instruct the jury on involuntary manslaughter based on the predicate offense of misdemeanor domestic violence.

10.

**{¶ 23}** Accordingly, appellant's second assignment of error is not well-taken.

### IV. Conclusion

**{¶ 24}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE