HORTON, J., concurring in part and dissenting in part.
 

 {¶ 26} While I concur with the majority's decision to overrule the first assignment of error, I respectfully dissent from its conclusion that the second assignment of error is without merit.
 

 {¶ 27} The majority correctly frames the issue as "whether the evidence at trial supported both an acquittal as to the charged offense of felonious assault and a conviction for negligent assault." (Majority Decision at ¶ 22.) However, the majority seems to suggest that a legal error would always occur if a lesser-included offense of negligent assault were ever given in a felonious assault case due to the "inconsistent" mens rea involved. (Majority Decision at ¶ 23.) I believe this to be an error in reasoning. Additionally, the majority appears to misinterpret Fox's testimony that he accidentally fired the weapon as an "assertion of lack of any culpability." (Majority Decision at ¶ 23.) To the contrary, accidental discharge of a weapon is entirely consistent with the mental state of negligence. For example, in
 
 In re I.L.J.F.
 
 , 12th Dist. No. CA2014-12-258,
 
 2015-Ohio-2823
 
 ,
 
 2015 WL 4207135
 
 , an appellate court affirmed the delinquent adjudication of a juvenile for negligent assault under R.C. 2903.14 who accidentally shot a friend. He had brought the gun into a vehicle full of persons high on marijuana, held it while "dancing" and "shrugging his shoulders," and, when the driver took a turn too fast, the gun went off accidentally and shot his friend in the back.
 
 Id.
 
 at ¶ 33. There is no contradiction or inconsistency in arguing that an accidental act is negligent. If Fox had sought to deny
 
 any
 
 lack of culpability, his testimony would not allow for an accident based on a lack of due care.
 

 {¶ 28} The majority has also too narrowly defined the temporal span when Fox's actions lacked due care, confining it to only the moment he pulled the trigger.
 
 In re I.L.J.F.
 
 also illustrates that a defendant's actions leading up to the discharge of the weapon can be probative of a negligent mental state, as the juvenile in that case should never have brought the gun into the car or held it up during the joyride. Here, Fox brought the weapon downstairs and held it in his non-dominant hand, which he had just had eight weeks of physical therapy on before the shooting due to nerve problems. (Tr. at 455.) This was a substantial lapse in due care from which a reasonable jury could conclude that Fox acted negligently.
 

 {¶ 29} "The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given."
 
 State v. Wilkins
 
 ,
 
 64 Ohio St.2d 382
 
 , 388,
 
 415 N.E.2d 303
 
 (1980). Taking a reasonable view of the evidence in this case, it would be possible for a jury to return a verdict finding Fox not guilty of felonious assault, and, instead, guilty of negligent assault. Thus, it was unreasonable for the trial court to refuse to instruct the jury on the lesser-included offense. Because in doing so the trial court abused its discretion, I would sustain the second assignment of error.