THE STATE OF OHIO, APPELLEE, *v.*
HOPE, APPELLANT.

(No. 44971—Decided February 17, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Hyman Friedman,* county public defender, for appellant.

JACKSON, J. This is an appeal from a judgment of the court of common pleas, in which appellant, Johnny Hope, was convicted of grand theft of a motor vehicle and possession of criminal tools.

The appellant assigns two errors for review, but in fact only one issue is presented for determination: whether sufficient evidence was adduced that appellant "obtained or exerted control over" the motor vehicle of another person, within the meaning of the grand theft statute, R.C. 2913.02.[1]

The state called as witnesses LaVerne Kruger (the newspaper carrier), Patrolman Bernard Ferris, Tak Chiu Hui (the owner of the vehicle) and Lilly Hudson (the principal driver of the vehicle).

Kruger saw the appellant jump out of the car parked in the driveway of the Hui residence. The car's engine was not running. Kruger pursued appellant and captured him. Ferris testified that a lock holding the steering wheel and brake pedal together had been pried off, and the ignition switch had been popped off. Hui and Hudson stated that the screwdriver found on the front seat after the incident did not belong to them. Hudson also stated that she had locked the doors and attached the lock to the steering wheel a few hours before the incident occurred.

Appellant presented no evidence in his own behalf.

The crime of theft at the time pertinent herein was defined in R.C. 2913.02 as follows:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent; * * *"

The trial court instructed the jury that to "obtain" a motor vehicle means to have the physical power to control the movements of a vehicle, to the exclusion of others. The court stated:

"I'm going to talk to you about what it means to obtain a motor vehicle. One obtains a motor vehicle when one physically possesses the motor vehicle to the exclusion of others. To physically possess a motor vehicle to the exclusion of others means to have physical power, superior to others, to stop, start, and otherwise control its movements. It is these powers physically superior to others, to control the vehicle's movement which constitute possession of the vehicle.

"One need not actually exercise the

---

[1] Appellant does not raise any arguments on appeal challenging his conviction for possession of criminal tools. This conviction is therefore summarily affirmed.

power to control the vehicle in order to obtain it so long as one actually has the dominant physical power over the vehicle."

Appellant argues that the evidence proved him guilty of an *attempted* theft of the motor vehicle, not a completed theft. "Attempt" is a violation of R.C. 2923.02(A) which provides:

"No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

The issue for determination is, at which point does an attempted theft of a motor vehicle become a completed theft, or, stated another way, at what point does a person who breaks into a car to steal it "obtain or exert control over" the vehicle.

There is only one reported case which discusses this issue — *State* v. *Fann* (App. 1976), 2 O.O. 3d 87. In that case the defendant was charged with grand theft of a trailer containing over $20,000 worth of goods. The state's evidence was that defendant had backed a van up to the trailer, connected the van to the trailer, and had driven a short distance before being apprehended. The co-defendant testified that they had not properly connected the air hoses to the trailer, and that they were stopped before the trailer was moved at all.

The Court of Appeals for Franklin County held that the defense testimony, if believed, would establish that the defendants were guilty of no more than *attempted* grand theft, and that a charge should have been given on that offense. 2 O.O. 3d at 89.

We are persuaded that a theft of a motor vehicle is not *completed* until the defendant has rendered the vehicle immediately capable of movement — for example, by releasing a handbrake on an incline, by chaining the vehicle to a tow truck, or by starting the engine. Until the car is rendered immediately capable of movement, the criminal's efforts amount to no more than an attempt to obtain or exert control over the vehicle. To illustrate this point, a person who breaks into a car which cannot be moved is not guilty of theft, but of attempted theft.

This interpretation of R.C. 2913.02 is consistent with the holding of the court of appeals in *State* v. *Fann, supra,* and is consistent with the admonition of R.C. 2901.04(A), which provides:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

Appellant's assignments of error are well-founded. The conviction of the appellant is reduced to attempted grand theft of a motor vehicle. The conviction for possession of criminal tools is affirmed. This cause is remanded to the trial court for resentencing on the lesser offense of attempted grand theft.

Accordingly, the decision of the trial court is affirmed in part and affirmed as modified in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

DAY, J., concurs.

PRYATEL, J., dissents.

PRYATEL, J., dissenting. With all respect, I dissent.

Where a defendant unlawfully (1) enters a locked automobile, (2) pries open the lock (shackling the steering wheel to the brake pedal), and (3) "pops off" ("removes") the ignition switch preparatory to inserting a screwdriver therein to start the car to drive away, but then flees from the car upon the unexpected arrival of a third person (newspaper carrier), I hold that the defendant did "knowingly obtain or exert control over" the vehicle.