[Cite as *State v. Thompson*, 2016-Ohio-7343.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                               Court of Appeals No.  L-15-1199

       Appellee                                       Trial Court No.  CR0201501088

v.

Jerome Thompson                                  **DECISION AND JUDGMENT**

       Appellant                                      Decided:  October 14, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Steven Casiere, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jerome Thompson, appeals the July 2, 2015 judgment of the Lucas County Court of Common Pleas convicting him of one count of grand theft of a motor vehicle.  For the reasons that follow, we affirm.

**{¶ 2}** Appellant sets forth two assignments of error:

> The State of Ohio Failed to Produce Legally Sufficient Evidence that Appellant Committed Grand Theft of a Motor Vehicle

> Appellant Was Denied Due Process And A Fair Trial By The Trial Court's Refusal To Instruct the Jury As to Attempted Theft

**{¶ 3}** On January 6, 2015, at approximately 7:00 p.m., Anthony Williams, the owner of Exclusive Auto Sales and Tony's Auto Salon, located at 1720 Monroe Street in Toledo, Ohio, was in the process of closing his business for the night. Williams had a concealed carry permit for a gun and always carried his gun when leaving his business for the night. Williams walked outside and started the 2000 Mercedes he drove ("the car"), which was owned by his mother, and pulled it to the front of the business. He parked the car, but left it running. Williams then went back into the business to finish some work.

**{¶ 4}** Later, as Williams left the building with another man, he heard the car's engine racing. Williams looked into the car but did not see anyone since the windows were tinted and no lights were on in the parking lot. As Williams opened the driver's side door, a man jumped out of the car and lunged at Williams. Williams said the man had a knife, so Williams fired a shot from his gun. The man ran away. After the man jumped out of the car, it began to roll backwards. Williams got in the car, which was in neutral, and put it in park. Williams noticed a bottle of liquor on the floor of the car. The liquor did not belong to Williams because he does not drink. Williams did not know the man and never gave the man permission to be in the car or drive the car.

2.

**{¶ 5}** Williams called 911 and Toledo police responded. Shortly thereafter, the police located the man, who was appellant. Appellant had been shot. Appellant did not have a knife, nor did the police locate a knife. After initially refusing medical treatment, appellant was treated for the gunshot wound.

**{¶ 6}** On January 16, 2015, appellant was indicted on one count of aggravated robbery. He pled not guilty.

**{¶ 7}** On June 15, 2015, a jury trial commenced. The jury was instructed on the charge of aggravated robbery as well as the lesser included offense of grand theft of a motor vehicle. On June 17, 2015, the jury found appellant guilty of grand theft of a motor vehicle. He was sentenced to 18 months in prison. Appellant timely appealed.

**First Assignment of Error**

**{¶ 8}** In his first assignment of error, appellant argues his conviction for grand theft of a motor vehicle is not supported by sufficient evidence as the state failed to present proof that he knowingly obtained or exerted control over Williams' car. Appellant contends a person obtains or exerts control over a vehicle when the person knowingly renders the vehicle immediately capable of moving, and "[u]ntil a defendant has knowingly caused the vehicle to be immediately capable of moving," the effort is no more than an attempt. Appellant asserts no evidence was presented that he knowingly rendered Williams' car immediately capable of movement, therefore he did not knowingly obtain or exert control over the car. Appellant relies on *State v. Hope*, 9 Ohio App.3d 65, 458 N.E.2d 414 (8th Dist.1983), in support of his position.

3.

{¶ 9} Whether evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, an appellate court does not weigh the evidence or evaluate the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 10} Appellant was convicted of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), which provides in relevant part that:

> [n]o person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent. * * * If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree.

{¶ 11} In *Hope*, the court found "theft of a motor vehicle is not completed until the defendant has rendered the vehicle immediately capable of movement * * *. Until the car is rendered immediately capable of movement, the criminal's efforts amount to no more than an attempt to obtain or exert control over the vehicle." *Id.* at 66.

4.

{¶ 12} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶ 13} Here, the evidence shows Williams started the car and moved it to the front of his business. He left the car's engine running while he went back inside his business. When Williams later returned to the car, he heard the car's engine racing and opened the driver's door. Appellant jumped from the car and the car rolled backwards. According to Williams' testimony, "[o]bviously, he had put it in gear." Williams climbed into the car and found it was in neutral. He put the car back in park to prevent it from rolling further. This evidence clearly established appellant knowingly exerted control over the car since appellant was in the driver's seat of the car with the engine racing and shifted the gear from park to neutral. Appellant's first assignment of error is not well-taken.

### Second Assignment of Error

{¶ 14} In his second assignment of error, appellant argues the trial court erred in not instructing the jury on the lesser offense of attempted grand theft since there was no evidence that appellant knowingly did anything to render the car capable of movement.

{¶ 15} An instruction on a lesser offense is required only when the evidence at trial would reasonably support both an acquittal of the crime charged and a conviction of the lesser included offense. *State v. Robb*, 88 Ohio St.3d 59, 74, 723 N.E.2d 1019 (2000). If under any reasonable view of the evidence it is possible for the trier of fact to find the accused not guilty of the greater offense and guilty of the lesser offense, the

5.

instruction on the lesser included offense must be given. *State v. Wilkins*, 64 Ohio St.2d 382, 388, 415 N.E.2d 303 (1980). The evidence must be considered in the light most favorable to accused. *Id.*

{¶ 16} Here, the evidence established that Williams left the car running in front of his business. Later, when Williams returned to the car he heard the engine racing. Appellant then jumped out of the driver's side of the car and the car rolled backwards. Williams got in the car and found it was in neutral. Williams had to shift the car into park to prevent it from moving any further. This evidence clearly established appellant knowingly exerted control over the car, since he got into a running car, caused the engine to race and shifted the gear from park to neutral. Appellant moved well past a mere attempt to steal the vehicle, and the jury could reasonably have concluded that appellant was knowingly exercising control over the car. Appellant's second assignment of error is not well-taken.

{¶ 17} Having found the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                          _____
                                                          JUDGE

Thomas J. Osowik, J.


                                              _____
James D. Jensen, P.J.                                 JUDGE
CONCUR.


                                              _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.