THE STATE OF OHIO, APPELLEE, *v.* DANIELS, APPELLANT.

(No. C-830421—Decided March 7, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Stephen Calardo,* for appellee.

*Mr. M. Joseph Kisor,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

This timely appeal follows appellant's jury conviction of aggravated assault in violation of R.C. 2903.12, a lesser included offense of felonious assault, R.C. 2903.11, the indicted offense.

The record reveals that appellant struck the complaining witness in the face with his fist following an argument. He continued his attack by punching and kicking his victim while she was down. As a direct result of the attack, she suffered a broken nose and injuries to her

back, hands, and leg. The victim was treated at a hospital for her injuries. She testified that she experienced pain and was unable to sleep for several nights because of pain resulting from the contact of her swollen head and face to the bedding. The victim further testified that she suffered recurring headaches from the time of the attack to the date of trial, a period of three and a half months, and continued to use Tylenol as pain medication.

Appellant's initial assignment of error alleges the trial court erred by refusing to instruct the jury on the offense of assault under R.C. 2903.13, a lesser included offense of the principal offense of felonious assault and the offense of aggravated assault. The motion for such instruction properly included the proposed instruction in written form. Ohio law requires trial courts to give an instruction on a lesser included offense if, under any reasonable view of the evidence, it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense. *State v. Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528]. The jury instructions given in the matter *sub judice* contained the element of causing "serious" physical harm to another, while the refused instruction required only some physical harm. "Serious physical harm to persons" for purposes of R.C. 2903.11 and 2903.12 in the instant matter is defined in R.C. 2901.01(E)(5):

"Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

Appellant argues that the evidence as to the victim's degree and duration of pain as a result of the beating does not rise to serious physical harm as opposed to mere physical harm under reasonable consideration. We cannot agree. The record contains substantial, credible evidence of probative value from which the trial court could reasonably conclude that the trier of fact could not possibly find the appellant not guilty of one of the greater offenses and guilty of the lesser. Appellant's first assignment of error is overruled.

Appellant's final assignment of error recites that the trial court erred as a matter of law in overruling defendant's motion for acquittal under Crim. R. 29. The standard for determining a Crim. R. 29 motion is set forth in the syllabus of *State v. Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401]:

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."

Appellant advances the same argument under this assignment as in the initial one, asserting that evidence of the victim's degree and duration of pain does not rise to serious physical harm. We reject this assertion as the record contains substantial, credible evidence of probative value sufficient for reasonable minds to reach different conclusions as to whether each material element of the offense was proven beyond a reasonable doubt, and specifically, as to whether the element of the infliction of serious physical harm was proven beyond a reasonable doubt. The evidence likewise meets the quantum test for the jury to determine beyond a reasonable doubt that appellant was guilty of aggravated assault. Appellant's second assignment of error is overruled.

We affirm.

*Judgment affirmed.*

PALMER, P.J., BLACK and DOAN, JJ., concur.