[Cite as *State v. Noah*, 2022-Ohio-1315.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110664 |
| v. | : | |
| JOSEPH R. NOAH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644599-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jasmine Jackson, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Joseph R. Noah, appeals his conviction for felonious assault following a jury trial. For the reasons that follow, we affirm.

{¶ 2} In October 2019, Noah and codefendant David Antio ("Antio") were named in a single-count indictment charging them both with felonious assault, a felony of the second degree.

{¶ 3} The charges arose after Noah and Antio physically attacked David Asmondy in the parking lot behind Bar 30. Surveillance video captured the assault. The video evidence played for the jury showed Noah and Antio pushing and punching Asmondy between two parked vehicles. Asmondy also testified at trial that the men kicked him and dragged him out from under a vehicle when he tried to escape. He was eventually able to run away and call the police.

{¶ 4} Photographic evidence taken by police who responded to the scene captured Asmondy's physical injuries, including redness to his face and eye-area, abrasions to the back of his neck and the side of his face — including his jaw, neck, and ear and abrasions and bruising to his chest and shoulder areas. Asmondy was taken to University Hospitals Parma Medical Center where he was diagnosed with a fractured nose. He testified that he went to Southwest Hospital the following day after having difficulty breathing and seeing. Asmondy's medical records were admitted at trial, from which Asmondy testified that he suffered a concussion. As a result of his injuries, he stated that he attended physical therapy to help with his vision issues.

{¶ 5} The jury found Noah guilty of felonious assault, and the trial court sentenced him to 18 months of community-control sanctions, which included serving eight weekends in jail.

{¶ 6}     Noah now appeals, raising as his sole assignment of error that the state presented insufficient evidence to support his felonious assault conviction, in violation of his rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Specifically, he contends that the state presented insufficient evidence to prove the element of "serious physical harm" as defined in R.C. 2901.01(A)(5)(a)-(e).

{¶ 7}     An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001). "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-829, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.

{¶ 8}     R.C. 2903.11, regarding felonious assault, provides that "no person shall knowingly cause serious physical harm to another." R.C. 2901.01(A)(5) defines "serious physical harm," in relevant part, as:

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

* * *

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 9} In this case, the jury viewed the surveillance video showing Noah and Antio punching and kicking Asmondy. The jury also viewed photographs taken by the police immediately following the attack that depicted injury to Asmondy's face and body, including redness to his face and abrasions to his jaw, neck, chest, and shoulder areas. Additionally, the state presented Asmondy's medical records to the jury, which indicated that Asmondy suffered a fractured nose and a concussion. Finally, Asmondy testified that he suffered pain to his head, chest, and back. He stated that he had "horrible headaches" and that he subsequently sought additional medical treatment for breathing and vision difficulties, which resulted in seeing a physical therapist. Accordingly, we find that the state presented sufficient evidence demonstrating that Asmondy suffered serious physical harm as a result of the unprovoked attack.

{¶ 10} Noah contends that Asmondy's medical records were inconsistent or that they did not support his claimed injuries. Additionally, he contends that the state mischaracterized the evidence by claiming that Asmondy suffered a concussion. These arguments are more akin to a challenge to the weight of the evidence, not sufficiency. But even if we considered these alleged inconsistencies,

this is not the exceptional case where the evidence weighed heavily against conviction because the medical records showed that Asmondy suffered a fractured nose. Contrary to Noah's assertion otherwise, a broken nose is sufficient to constitute serious physical harm. *See State v. Daniels*, 14 Ohio App.3d 41, 469 N.E.2d 1338 (1st Dist.1984) (evidence of broken nose and swollen face sufficient to support the element of "serious physical harm.").

{¶ 11} Accordingly, viewing the evidence in the light most favorable to the state, we find that the state presented sufficient evidence to support Noah's felonious assault conviction. The assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR